PATTERSON, Justice:
This is an appeal by Excel Saw and Tool Company from a judgment of the Circuit Court of the First Judicial District of Hinds County which affirmed a judgment of the County Court against the appellant.
The suit emanates from a misunderstanding of the parties as to the terms of purchase of an automatic saw sharpener. The alleged purchaser, the appellant, contends that a firm agreement of purchase was never entered into, but that the machine was obtained on a trial basis, its ultimate purchase being contingent upon the machine’s satisfactory performance.
The appellee, who brought suit for a deficiency judgment after the machine had been returned to it and sold, contends that there was a firm contract of sale and that the deficiency judgment it obtained was proper in mitigation of damages and particularly so since the appellant had notice of the private sale.
We have considered in detail the assignments of error which relate to the *927 instructions and the question of notice of the private sale and conclude from the viewpoint most favorable to the appellant that if there be error at all, the defendant was not prejudiced thereby. We therefore affirm under Mississippi Supreme Court Rule 11 which states:
No judgment shall be reversed on the gound of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, "unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.
The cause is affirmed on direct appeal.
The Micor Corporation cross appeals and assigns as error the action of the circuit court in not allowing damages under Mississippi Code 1942 Annotated section 1971 (1956) as follows:
In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the Supreme Court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for, a sum of money, the damages shall be upon such sum.
This section is made applicable to appeals from the county courts by Mississippi Code 1942 Annotated section 1616 (1956). The circuit court judgment should have provided for 5% damages in addition to legal interest on affirming the county court judgment. Hawkins Hdw. Co. v. Crews, 176 Miss. 434, 169 So. 767 (1936). The judgment of the circuit court is modified so as to include the statutory penalty.
Affirmed on direct appeal. Judgment modified on cross appeal to include 5% damages.
RODGERS, P. J., and SMITH, ROBERTSON and SUGG, j J., concur.