NEAL B. BIGGERS, Commissioner
for the Court:[1]
Thomas Murray filed suit against Cleo Graham in the County Court of Jackson County. The allegations of the declaration are unimportant here, since the case is before us and will be disposed of on a procedural matter. In the county court, a jury verdict was awarded appellee, and appellant, in processing an appeal to circuit court, filed cost and supersedeas bonds on June 30, 1976. The appeal of appellant was duly filed and docketed in the Circuit Court of Jackson County on September 7, 1976. The clerk of the circuit court by registered mail notified the attorneys for the appellant and the appellee that the appeal had been docketed and enclosed a copy of the Rules of the Circuit Court governing appeals to the circuit court.
The Jackson County Circuit Court Rules provide that after an appeal from county court has been docketed in the circuit court, the appellant must file an assignment of errors and brief with the court within twenty days from the date of docketing. They further provide that failure to comply with this rule will result in an order of dismissal for lack of prosecution. On October 12, thirty-five days after docketing of the appeal, the appellant herein not having filed an assignment of errors or a brief, the circuit court entered an order affirming the order of the county court due to the appellant’s failure to comply with the court rules. The appellant then filed a motion to set *1371 aside the order of affirmance and also filed an assignment of errors. The court denied the motion and appellant appealed to this Court, assigning as error certain rulings of the county court made during the trial.
The first question to be disposed of here is whether this Court may consider the assignment of errors filed by the appellant even though the assigned errors were not considered by the circuit court in affirming the judgment of the county court. We are of the opinion that when no assignment of errors is timely filed in, and is not considered by the appellate court (here circuit court), then no such assignment of errors will be considered by this Court.
In Fowler Butane Gas Company v. Parish, 254 Miss. 585, 181 So.2d 157 (1965), this Court held as follows:
Under the posture of this case, this Court is not concerned with the merits of the appeal, but only with whether the circuit court was in error in denying the writ of certiorari and in dismissing the appeal.
This Court considered the same question in Mississippi State Highway Commission v. Cook, 270 So.2d 695 (Miss.1972). In that case, we disposed of the issue by holding as follows:
There was no assignment of error filed in the circuit court when the case was appealed there from the county court. Under several cases heretofore decided by this Court, we cannot consider any nonju-risdictional questions not presented by an assignment of error in circuit court.
In considering the practical as well as the legal aspects of this procedural issue, we are of the opinion that the only question properly before this Court is whether the circuit court properly affirmed the judgment of the county court on the ground that the circuit court rules were not complied with by the appellant. To hold otherwise and go into the merits of the assignment of errors charged to the county court, which assignment was not filed in the circuit court until after the circuit court affirmed the judgment of the county court, would, in effect, allow a party to circumvent the intermediate appellate process.
The circuit court properly dismissed appellant’s appeal and properly entered the order affirming the judgment of the county court on the ground that appellant failed to file an assignment of errors and brief within the time allowed by the court rules, and we are of the opinion that the judgment of the circuit court should be and it is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.