410 So.2d 1320 (1982)
JOHNSON LIMITED, INC.
v.
Becky SIGNA.
No. 53335.
Supreme Court of Mississippi.
March 10, 1982.
Paul Kelly Loyacono, Loyacono & Price, Vicksburg, for appellant.
G. Gilmore Martin, Vicksburg, for appellee.
Before SUGG, P.J., and BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Conversion of her furniture which was left in her apartment when vacating it was alleged by the plaintiff/appellee Becky Signa in her suit filed in the County Court of Warren County. There a jury awarded her $500 actual and $4,500 punitive damages after which the appellant Johnson Limited filed notice of appeal to the circuit court. Johnson Limited is the owner of the apartment unit. On April 13, 1981, appellee Signa moved to dismiss the appeal claiming that appellant had failed to prosecute it within sixty days pursuant to Rule 4.03 of the Uniform Circuit Court Rules (1979). Circuit Judge John Prewitt heard the motion to dismiss, at which hearing (according to the record) no justification or excuse was shown by appellant for his failure to prosecute the appeal within sixty days. The circuit judge agreed that the rule was discretionary, but ordered the appeal dismissed because the appellant presented no reasons or excuses for its tardiness. We affirm.
*1321 The appellant then appealed to this Court filing a wide-ranging assignment of errors, and Signa filed a motion to strike all assignments except those dealing with the circuit judge's order dismissing the appeal. On October 31, 1981, this Court upheld Signa's motion to strike. In his rebuttal brief appellant admits that no brief or assignment of error was filed with the circuit court within the time required by the rule. We affirm.
The record is devoid of any of the testimony presented to the circuit judge on the reasons for appellant's failure to file the assignment of error and brief. In her brief appellee states that the reasons were included in arguments off the record. In its statement of the case, the appellant says the brief and assignment of error were not filed "due to the financial inability of Appellant to continue to pay legal costs at that time... ." Of course, it was the duty of the appellant to bring matters not in the record before this Court by way of a bill of exceptions or otherwise if such matters are to be considered by us.
Rule 4.03 states that an appeal "may" be dismissed if no action is taken within sixty days. The mandatory "shall" is not used, and it follows that the dismissal rule is discretionary in view of the rule's plain language. However, in the instant case, this Court has been given no evidence of valid reasons and excuses for the appellant's failure to follow appellate procedures. With the record in such a condition we cannot hold that the circuit judge abused his discretion in dismissing the appeal. The circuit judge stated he found no reasonable excuse for the failure to file the documents, and the appellant has not offered this Court any record which would show that the judge was incorrect in his decision. Therefore, this argument is without merit.
Secondly, it is argued that the circuit judge erred in assessing statutory damages of 15% against appellant for failure to prosecute its appeal. The appellant argues that Mississippi Code Annotated § 11-3-23 (Supp. 1981), which the circuit judge cited in assessing the damages, applies only to practice before the Supreme Court and not before appeals to the circuit court.
Excel Saw and Tool Co. v. Micor Corp., 265 So.2d 926 (Miss. 1972) addressed this issue, and stated that circuit courts are given the power to assess statutory damages in cases appealed from the county court. We stated that this conclusion must be reached because of § 1616 of the Mississippi Code of 1942 (now Mississippi Code Annotated § 11-51-79 (1972)), which statute allows for appeals from the county court, and states, "[i]f no prejudicial error be found, the matter shall be affirmed and judgment or decree entered in the same manner and against the like parties and with like penalties as is provided in affirmances in the supreme court." (Emphasis added). Thus, reading that section in conjunction with the section allowing the Supreme Court to assess penalties, Mississippi Code Annotated § 11-3-23, circuit courts sitting as appellate courts may assess such damages. Excel Saw and Tool Co., supra.
The circuit judge in the instant case accordingly was correct in assessing damages at 15% for the appellant's failure to prosecute its appeal. Under Mississippi Code Annotated § 11-3-23 (Supp. 1981), 15% is the rate of damages to be assessed by the Supreme Court if a decree is affirmed or there has been a failure to prosecute an appeal. No reversible error appears in the record, and accordingly affirmance is required.
AFFIRMED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.