SULLIVAN, Justice,
for the Court:
I.
Milton Martin was brought before the Mayor and the Board of Aldermen of the City of Waynesboro, for a public disciplinary hearing, on March 5, 1987. After the hearing, he was suspended without pay for sixty days, by unanimous vote. On March 13, 1987, Martin filed a timely appeal in the circuit court for due process violations and the city’s failure to meet its burden of proof. The record appealed from was filed, April 6, 1987, with the circuit court. The parties began tentative settlement discussions but a resolution could not be reached. Martin withheld the filing of his brief in the circuit court until after the settlement negotiations had broken down. He filed his brief on January 15, 1988.
The City of Waynesboro, thereafter, filed a motion to dismiss Martin’s appeal under Uniform Circuit Court Rule 4.03, because of Martin’s failure to timely file his brief according to the time limits prescribed in Rule 4.01. Martin argued that the time prescriptions in the Rules were waived by the city in that he and the respective city attorneys operated from a standpoint that they were going to postpone the case to see if it could be settled.
He buttressed his argument with minutes from the Board of Alderman’s meetings. The suspension period of sixty days ended on May 5, 1987, and it was brought back before the board for reconsideration. During this May 5th meeting the board held by unanimous vote that “if Martin would drop his appeal he would be reinstated, without probation, as a full-time patrolman.” The board rescinded this order during its meeting on May 18, 1987, and reinstated Martin with no stipulations or conditions. There was a meeting in the interim, May 11, 1987, where the minutes reflect that the city’s attorney, Mr. Young, was not able to contact Martin’s attorney concerning the May 5th order and that the stipulation would stand until an agreement was reached.
Three different attorneys represented the city during this negotiation process. Initially, beginning March 5, 1987, the city was represented by Mr. Young and Mr. Farrell. Mr. Young, on June 16, 1987, was suspended from the practice of law and Roy Farrell continued to serve as city attorney until August of 1987, when he resigned. Thereafter, on August 11, 1987, John Gunn was appointed as the city’s attorney.
The Mayor of Waynesboro, T.J. Gordon, Mr. Young and Mr. Farrell all testified in circuit court during the hearing on the city’s motion to dismiss. Mr. Gordon testified that he, as Mayor, did not authorize anyone to alter the statutory time period of the appeal by Martin and that none of the *1026 attorneys approached him about a settlement with Martin.
Mr. Young and Mr. Farrell both testified that they did not enter into any agreement either orally or in writing with Mr. Martin’s attorney which would have the effect of waiving the time frame for handling the appeal. There was testimony that the parties engaged in settlement negotiations but there was not any testimony concerning specific terms of the negotiations.
The trial judge found that the parties’ settlement negotiations did not effectuate a waiver of the Uniform Circuit Court Rules. There were no agreements or negotiations which alleviated or excused Martin from his duty to proceed expeditiously and file his brief timely.
Martin appeals to this Court asserting that the time stipulations were waived by the parties because of the settlement negotiations that had transpired between the parties.
II.
Martin’s argument is that the city’s actions, subsequent to the filing of his appeal in the circuit court, showed its acquiescence to a settlement which amounted to a waiver of the filing time constraints. Accordingly, the circuit court erred in dismissing the appeal under Uniform Circuit Court Rule 4.03. The City of Waynesboro asserts that there was no waiver of the time constraints prescribed in the Rules.
Uniform Circuit Court Rules 4.00-4.04 govern appeals to the circuit court. Martin failed to comply with Rule 4.01 which specifies that the appellant shall file the brief and assignment of errors within thirty days after the record is filed. Rule 4.01 provides as follows, “After the record of proceedings in the lower court upon which the appeal is based is filed with the Clerk of the Court, the appellant shall, within thirty (30) days, file his assignment of error and brief, and shall signify whether or not oral argument is desired.”
The Rules also provide for optional dismissal of an appeal by the circuit court for failure of the appellant to prosecute the appeal. Rule 4.03 provides as follows, “After the record is filed in this Court, if no action is taken by the appellant and none of the requirements of the above have been complied with, after sixty (60) days the appeal may be dismissed and the judgment of the lower Court reentered.”
The two aforementioned Rules are the concern of this appeal. The trial judge dismissed Martin’s appeal in accordance with Rule 4.03. Rule 4.03, requirement for dismissal, is twofold: first, no action must have been taken by the appellant; and second, the appellant must have failed to comply with the other prescribed Rules. Neither party directly addresses whether Martin took any other action, only the fact that he did not file his brief within thirty days. This “other action” prong hypothetically could be construed to encompass settlement negotiations.
This question, however, turns on the discretionary powers of the circuit court to dismiss the appeal. Rule 4.03 states that an appeal may be dismissed if no action is taken within sixty days. It follows that the dismissal rule is discretionary with the trial judge. Johnson Limited, Inc. v. Signa, 410 So.2d 1320 (Miss.1982).
This court on three previous occasions has addressed the trial judge’s discretionary power to dismiss appeals to the circuit court. In Graham v. Murray, 359 So.2d 1370 (Miss.1978)[1], the circuit court dismissed an appeal from the county court because the appellant failed to timely file assignment of errors or a brief. We upheld the circuit court’s dismissal of the appeal as proper.
In South Cent. Bell Telephone Co. v. Aden, 474 So.2d 584 (Miss.1985), the cross-appellant failed to file her cross-appeal timely under Rule 4.02. The circuit court allowed the cross-appeal; regardless, we upheld the circuit court decision, and pro *1027 vided in pertinent part as follows, “Except where the time deadlines may be said to be jurisdictional or unless there has been an abuse of discretion on the part of the particular court, we will not look behind an inferior court’s determination that its filing deadline should be relaxed in a given instance.” Id. at 594.
Also, in Johnson Limited, Inc. v. Signa, 410 So.2d 1320 (Miss.1982), the appellant failed to file his brief and assignment of errors timely. The trial judge found the proffered reasoning to be invalid and dismissed the appeal. This court upheld the circuit court’s dismissal of the appeal for failure to prosecute under Rule 4.03.
In this case, Martin’s brief, to be timely under Rule 4.02, had to be filed on or before May 6, 1987.[2] His brief, however, was filed over eight months late, on January 15, 1988. The only testimony at the hearing was that some sort of settlement negotiations were going on, but no agreement had been made to extend the time periods prescribed in the Rules. Based on these facts, we find that the trial judge did not abuse his discretionary dismissal powers provided for in Rule 4.03. The trial judge found that the parties’ settlement negotiations did not effectuate a waiver of the Uniform Circuit Court Rules and this we will affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents.

. This case was decided prior to the adoption of the Uniform Circuit Court Rules in August of 1979.

. The record of the disciplinary proceeding was filed with the circuit court clerk April 6, 1987.