## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01255-SCT

*AMERICAN INVESTORS, INC.*

*v.*

*STANLEY KING, CAROL KING AND RICHARD H. YOUNG, TRUSTEE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/29/97 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | R. CHARLES ROBB |
| ATTORNEY FOR APPELLEES: | RICHARD H. YOUNG |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 3/11/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PRATHER, C.J., SMITH AND MILLS, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On February 24, 1995, the County Court of Rankin County entered a judgment against appellant American Investors, Inc. ("AII") in a lawsuit filed by AII against Stanley and Carol King and Richard Young ("appellees"). AII perfected an appeal to the Circuit Court of Rankin County on June 26, 1995. On September 29, 1995, AII filed a petition for bankruptcy, which automatically stayed any acts to obtain possession of the property which was the subject of the litigation between AII and appellees. See: 11 U.S.C. § 362(a)(3). Based on the bankruptcy filing, AII did not file an appellant's brief with the Circuit Court by the October 1, 1996 deadline.

¶2. On March 4, 1996, the circuit court, finding that AII had failed to prosecute the appeal, entered on its own motion an order dismissing the appeal. The order, which was issued without prior notice to either party, provided that:

> This cause heard on the matter of dismissing the appeal on the grounds that the Appellant has failed to comply with Rules 4.00 *et seq.* of the Uniform Circuit Court Rules governing appeals from judgments of the County Court, and it appearing that the record was filed on July 7, 1995, that on September 21, 1995 the Appellant applied for and was granted a ten (10) day extension to file the required brief

and assignment of errors but has failed to do so even though five months has now elapsed, the Court is of the opinion that the Appellant is in violation of the Rules and that under the opinions in the cases of ***Johnson Limited, Inc. v. Signa***, 410 So.2d 1320 (Miss. 1982), ***Graham v. Murray***, 359 So.2d 1370 (Miss. 1978) and ***Martin v. City of Waynesboro***, 559 So.2d 1024 (Miss. 1990) the appeal should be dismissed.

Two days *after* the issuance of the circuit court's order dismissing AII's appeal, appellees flied a Motion to Dismiss AII's appeal with prejudice. On March 14, 1996, AII finally filed its brief and later filed a motion to set aside the dismissal of the appeal. On August 29, 1997, the circuit court entered an order denying AII's motion to set aside the dismissal, and AII timely appealed to this Court.

> **Whether Rules 2 (a)(2) and 31 (d) of the Mississippi Rules of Appellate Procedure, and series 4 and 5 of the Uniform Rules of Circuit and County Court Practice, which afford procedural due process with regard to discretionary dismissal of an appeal, supersede prior case law of *Martin v. City of Waynesboro*, 559 So.2d 1024 (Miss. 1990), and *Graham v. Murray*, 359 So.2d 1370 (Miss. 1978) which based upon series 4.00 of the Uniform Rules of Circuit Court, now superseded by the U.R.C.C.C. and the M.R.A.P.**

> **The distinction between the applicable rules and erroneous case law is the requirement of *notice* to a defaulting party <u>and</u> a provision of *an opportunity to cure any default* rather than summary dismissal without notice at the discretion of the appellate court.**

¶3. The appellees have filed a motion confessing AII's appeal brief, and the error raised by AII is accordingly not contested by any party. All parties agree, and the record reveals, that the circuit court erred in dismissing AII's appeal based on Rules 4.00 *et seq.* of the former Uniform Circuit Court Rules. These rules have been superceded by the Uniform Rules of Circuit and County Court Practice ("URCCC") and the Mississippi Rules of Appellate Procedure ("M.R.A.P."), which rules were in effect at the time of the dismissal of AII's appeal in 1996. AII argues that:

> The lower appellate court in dismissal of the appeal erroneously relied upon rules no longer in force and superseded by the combined U.R.C.C.C. and the M.R.A.P. Further the lower court cited case law based upon the superceded Uniform Rules of Circuit Court and failed to acknowledge that the cited cases allowed for procedural due process in the form of a motion and an opportunity of the offending party to cure the default and to be heard on the motion.

> The lower appellate court denied AII substantive due process by entering an order without notice to it, without hearing on any motion, and without directing the Clerk of this Court to provide a copy of said order to AII.

This Court agrees with AII that the circuit court erred in dismissing AII's appeal without providing AII with prior notice of the dismissal and an opportunity to cure the default.

¶4. An appeal from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure ("Miss. R. Civ. P") the URCCC, and the M.R.A.P. M.R.A.P. 2(a)(2), **Penalties for Non-Compliance With Rules; Suspension of Rules,** "Discretionary Dismissal", effective January 1, 1995, provides in part that:

> .... When either court, on its own motion or on motion of a party, determines that dismissal may be

warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within 14 days after notification, the appeal shall be dismissed by the clerk of the Supreme Court.

URCCC 5.06, effective May 1, 1995, provides in pertinent part that "(t)he consequences of failure to timely file a brief will be the same as in the Supreme Court."

¶5. It is thus apparent that the circuit court erred in dismissing AII's appeal without giving prior written notice to AII of its "deficiency" in failing to file an appeal brief and without giving AII 14 days to correct this deficiency. The circuit judge expressly based his ruling on rules which were not in effect at the time of the ruling. The record reveals that AII filed an appeal brief within 14 days of the circuit judge's order dismissing AII's appeal, and it is thus apparent that AII cured its deficiency within the 14 day period prescribed by M.R.A.P. 2(a)(2). Under the rules in effect at the time of AII"s appeal, AII's appeal should not have been dismissed due to a failure to prosecute, and the circuit judge erred in ruling to the contrary. The ruling of the circuit court is reversed, and this case is remanded for further proceedings consistent with this Court's opinion.

¶6. **REVERSED AND REMANDED.**

**SULLIVAN, P.J., BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR. PITTMAN, P.J., WALLER, J., NOT PARTICIPATING.**