## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 1998-CA-01591-SCT

*WALLACE VAN METER*

*v.*

*BOBBY ALFORD d/b/a*

*ALFORD DECORATING CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/1998 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD BENZ, JR. |
| ATTORNEY FOR APPELLEE: | JAMES W. BURGOON, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 12/21/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/11/2001 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. This case is an appeal from an order issued by the Circuit Court of Leflore County, Mississippi, granting Appellee Bobby Alford's motion to dismiss Appellant Wallace Van Meter's appeal from the County Court to the Circuit Court. Because we find that appeals from county courts to circuit courts are controlled by the Mississippi Rules of Appellate Procedure, we reverse and remand to the Leflore County Circuit Court so that the clerk of the court may issue an appropriate notice to Van Meter and so that the circuit court may consider less severe sanctions.

¶2. This case originated in the County Court of Leflore County and was tried before a jury, resulting in a verdict in favor of Alford. The judgment was dated June 23, 1998. Van Meter filed a notice of appeal with the county court and paid the clerk's filing fee of $100.00 on July 23. Alford filed a motion to dismiss the appeal on September 2, because Van Meter had failed to comply with appellate procedure in several ways. On September 4, Van Meter filed a designation of the record, a request for an estimate of costs and a response to the motion to dismiss. On September 23, the circuit court dismissed Van Meter's appeal.

### ANALYSIS

**I. DID THE CIRCUIT PROPERLY DISMISS VAN METER'S APPEAL FROM COUNTY COURT FOR FAILURE TO COMPLY WITH THE UNIFORM CIRCUIT AND COUNTY COURT RULES AS WELL AS THE RULES OF APPELLATE PROCEDURE?**

¶3. Van Meter contends that, after Alford filed the motion to dismiss for failure to comply with the rules, he was not given fourteen days to correct the appeal's deficiencies, as required under M.R.A.P. 2(a)(2), and that this case must therefore be reversed and remanded. Alford claims that M.R.A.P. 2(a)(2) does not apply to appeals from county court to circuit court. The Court has previously addressed this issue in *American Investors, Inc. v. King,* 733 So. 2d 830, 832 (Miss. 1999) ("An appeal from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure . . ., the URCCC, and the M.R.A.P.") . We specifically held that M.R.A.P. 2(a)(2) applies to appeals from county court to circuit court. *Id.* Rule 2(a)(2) mandates that, after a motion to dismiss has been filed, the court clerk (the circuit clerk in this instance) officially notify an appellant of deficiencies in his appeal and that the appellant be given fourteen (14) days therefrom to correct any deficiencies.

¶4. Van Meter was therefore deprived of due process when his appeal was dismissed because he was not given an official notice of deficiencies in his appeal by the circuit clerk. Alford's motion to dismiss cannot be substituted for an official notice of deficiencies from the court clerk. Even where a party has moved to dismiss, the plain language of the rule requires a notice from the clerk of the deficiency and a fourteen day opportunity to cure the deficiency.

¶5. This case will be remanded to the Leflore County Circuit Court with instructions that the appropriate notice be issued to Van Meter, informing him of the specific deficiencies in the appeal and giving him 14 days to cure said deficiencies.

**II. WAS THE DISMISSAL OF VAN METER'S APPEAL AN APPROPRIATE SANCTION?**

¶6. Van Meter was delinquent in filing a designation of record, an estimation of costs, and a Rule 11(b)(1) certificate of compliance. Appellants are instructed to file a designation of record and an estimate of costs within seven (7) days after the notice of appeal is filed. *See* M.R.A.P. 10(b)(1) & 11(b)(1). Appellants are further instructed to file simultaneously a Rule 11(b)(1) certificate of compliance when the estimate of costs is filed.

¶7. However, these deficiencies do not necessarily mandate a dismissal. M.R.A.P. 3(a) states that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground only for such action as the [appellate court] deems appropriate, which **may** include dismissal of the appeal." (emphasis added). Van Meter timely filed his notice of appeal; therefore his appeal **was perfected** to the circuit court. Because M.R.A.P. 3(a) is permissive as to the imposition of sanctions for appellate deficiencies, the appellate court should consider the full panoply of sanctions before imposing the most harsh sanction of dismissal. *See also* M.R.A.P. 11 cmt. ("Even though Rule 3(a) no longer makes prepayment of costs an absolute criterion for perfecting an appeal, the [appellate court] can respond under Rule 2(a)(2) to such failure with an appropriate sanction, including dismissal.").

¶8. However, the consideration of imposition of sanctions is appropriate. Even though Van Meter did not receive **actual** notice from the court clerk, Alford's motion to dismiss provided **constructive** notice that his appeal was subject to dismissal. The administration of justice was hindered when Van Meter, who was

under a duty to insure that proper appellate procedure was complied with, sat back and waited for the court to give him actual notice of something of which he already had constructive notice and something he had a duty to know. Alford has a right to a speedy disposition of this case.

¶9. The Court finds that the dismissal of Van Meter's appeal was too harsh a sanction. *See, e.g., Glover v. Jackson State Univ.*, 755 So. 2d 395, 404 (Miss. 2000) (interpreting M.R.C.P. 41 and quoting ***Wallace v. Jones***, 572 So. 2d 371, 375-76 (Miss. 1990) ("[D]ismissal . . . is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. This is so because dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.")). However, these concerns must be balanced with any prejudice further delay may impose upon the appellee: "The predominant reason for creating time limitations in appellate procedure is to bring an expeditious termination to the dispute and a final resolution to the matter as quickly as possible." ***Garrett v. Nix***, 431 So. 2d 137, 139-40 (Miss. 1983), *overruled on other grounds,* ***Moran v. Necaise***, 437 So. 2d 1222 (Miss. 1983).

¶10. There is no evidence in the record that the deficiencies in Van Meter's appeal were the result of clear delay or contumacious conduct. The Court is therefore of the opinion that lesser sanctions may be appropriate in this case.

## CONCLUSION

¶11. The judgment of the Circuit Court of Leflore County is reversed, and this case is remanded to that court with instructions that it issue a Rule 2(a)(2) notice to Van Meter, giving him specific notice of the deficiencies of his appeal and allowing him fourteen (14) days from the date of the notice to cure said deficiencies, and with instructions to the circuit court to consider lesser sanctions.

¶12. **REVERSED AND REMANDED.**

**PRATHER, C.J., BANKS, P.J., McRAE, MILLS, COBB AND DIAZ, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J.**

**SMITH, JUSTICE, DISSENTING**:

¶13. Van Meter claims that he was not given proper notice. Alford's motion to dismiss the appeal diligently informs Van Meter of the reasons his appeal should be dismissed, clearly listing violations of URCCC 5.04, 5.05 & 5.09, M.R.A.P. 10(b)(1), 11(a) & 11(b); and Miss. Code Ann. § 11-51-29. Van Meter filed a response to the motion to dismiss the appeal recognizing that he had yet to conform to the rules: "*Although the appeal has not been perfected until these rules are conformed with,* failure to follow these rules is not fatal to the appeal." (emphasis added). Van Meter is correct in recognizing that he failed to conform to the rules, but he is wrong in asserting that failure to conform to the rules cannot affect his appeal.

¶14. Van Meter argues that he was entitled to the type of notice provided for in M.R.A.P. 2(a)(2):

[w]hen either Court, on its motion or motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprizing the party of the nature of the deficiency.

Van Meter claims that notice "should have been given by the Clerk of the Circuit Court." Van Meter cites no authority for this proposition, and I do not interpret Rule 2(a)(2) as mandating written notice by a circuit court clerk. M.R.A.P. 1 provides that the Mississippi Rules of Appellate Procedure "govern procedure in appeals to the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi...." Further, the Comment to the Rule states that its purpose is "to facilitate the just and efficient disposition of causes brought before the *Supreme Court* and the *Court of Appeals.*"M.R.A.P. 2(a)(2) (emphasis added).

¶15. Procedural due process demands that an appeal should not be dismissed without giving notice to a defaulting party in order to afford the defaulting party an opportunity to cure any deficiencies in his appeal. *American Investors, Inc. v. King*, 733 So.2d 830, 831-32 (Miss. 1999). In *King*, the circuit court dismissed the plaintiff's appeal on its own motion, without prior notice to either party. *Id.* at 831. Van Meter's appeal, however, was not dismissed until after Alford filed a motion to dismiss informing Van Meter of his deficiencies. Where a motion to dismiss adequately gives notice of the deficiencies of an appeal and an opportunity is given to cure the default, procedural due process is satisfied, and the trial judge may properly dismiss the appeal where the appellant has not timely cured the deficient appeal. *Russell v. Mitchell-Putnam Signs*, 754 So.2d 1256, 1258 (Miss. Ct. App. 1999) (citing *American Investors*, 733 So.2d at 831).

¶16. In the instant case, not only did Alford's motion to dismiss the appeal provide adequate notice, but Van Meter filed a response to the motion which noted that he had yet to conform to the rules necessary to perfect an appeal. Van Meter was clearly on notice of the deficiencies of his appeal, and the circuit court allowed more than fourteen days to cure said deficiencies before granting Alford's motion to dismiss the appeal. By filing a response to the motion to dismiss and acknowledging his failure to conform to the rules necessary to perfect an appeal, Van Meter waived his right to object to lack of notice from the clerk.

¶17. I respectfully dissent.

   PITTMAN, P.J., JOINS THIS OPINION.