IN THE SUPREME COURT OF MISSISSIPPI
NO. 2016-KM-01332-SCT

*LARRY D. CHRISTMAS, JR. a/k/a LARRY D.*
*CHRISTMAS a/k/a LARRY CHRISTMAS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/15/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| TRIAL COURT ATTORNEY: | HERMAN F. COX |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LARRY D. CHRISTMAS, JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 01/25/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     The circuit court dismissed as untimely Larry Christmas's misdemeanor appeal from county court.  Christmas appealed the circuit court's dismissal to this Court.  Because the record shows Christmas's notice of appeal was filed too late and that Christmas failed to request an extension, we affirm.

**Background Facts and Procedural History**

¶2.     On December 15, 2015, Christmas was tried *de novo* in the County Court of Harrison County, First District, on two misdemeanor traffic charges—(1) improper turn and (2) no

proof of liability insurance. At the close of trial, the county court found Christmas not guilty on the charge of improper turn but guilty of no proof of liability insurance. The court fined Christmas $200 plus court costs and remanded the matter to the justice court to enforce this penalty.

¶3. The county court's final judgment was entered January 13, 2016, giving Christmas thirty days to file his notice of appeal to circuit court. On February 9, Christmas filed a "Motion to Vacate Final Judgment and Order." Then on February 12, 2016—exactly thirty days after the final judgment was entered—Christmas mailed a notice of appeal and a $166 money order to the Harrison County Circuit Clerk. Due to President's Day being the following Monday, the post office did not deliver the mailing until Tuesday, February 16, 2016. Christmas's notice was stamped filed on February 17—five days after it was due.

¶4. On June 27, 2016, the circuit court requested Christmas show cause why his appeal should not be dismissed as untimely. Christmas responded in writing on July 11, 2016. First, he asserted his notice of appeal *was* timely because it was filed on February 12—the date he mailed it. Second, he argued his February 9 motion to vacate tolled the time to file his appeal. Third, he claimed he had complied with all filing requirements by February 12. And, but for the clerk's office supposedly closing early, his notice would have been filed that day.[1]

---

[1] Specifically, Christmas alleged he went to the circuit clerk's office on February 12 to file his notice of appeal. The circuit clerk calculated Christmas's cost bond and directed Christmas to return with a money order in that amount. So Christmas left the clerk's office and went to the post office to get the money order. According to Christmas, he returned to the clerk's office at 4:55 p.m. He passed the employees of the office leaving. They told him the office was closed. And when Christmas tried the doors, he found them locked. He claimed it was 4:57 p.m. Christmas insisted that, but for the clerk's office closing five minutes early, he would have been able to file his notice of appeal that day. Instead, he

2

¶5.     The circuit court dismissed Christmas's appeal as untimely. Because the motion to vacate was not filed within ten days of the final judgment, it had not tolled the thirty-day time period to file an appeal. *See* M.R.A.P. 4(e); URCCC 10.05. Thus, Christmas had until February 12, 2016, to *file*—not mail, but file—his notice of appeal. *See* URCCC 12.03. And the record clearly showed Christmas's notice of appeal was not filed until February 17.

¶6.     Upon dismissal, Christmas appealed to this Court.

## Analysis

¶7.     Christmas raises multiple issues challenging the underlying traffic stop that led to his no-proof-of-liability-insurance adjudication. But the record contains no evidence about the underlying stop.[2] And "[w]e have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief[.]" **Mason v. State**, 440 So. 2d 318, 319 (Miss. 1983) (citations omitted). So, no matter how "sincere [Christmas] may be in [his] assertions," if facts asserted are not in the record, "we cannot know them." **Id.**

¶8.     The only issue supported by the record—and the only issue addressed by the circuit court—is the timeliness of Christmas's appeal from county court. Consequently, this is the only issue before us.

¶9.     Christmas's attempted appeal predated the adoption of the Mississippi Rules of Criminal Procedure. So former Uniform Rule of Circuit and County Court Practice 12.03

---

printed off a mailing label from the U.S. Postal Service's website and dropped his notice and money order in the mail that evening.

[2] The appellate record is limited to the circuit-court filings and does not include the county-court record.

3

controlled.[3]  Under Rule 12.03, Christmas had thirty days from January 13, 2016—the date of the entry of his county-court adjudication—to file his written notice.  *See* URCCC 12.03 ("Any person adjudicated guilty of a criminal offense by a county court, . . . may appeal to the circuit court having jurisdiction by filing written notice with the clerk of the county court within 30 days of the entry of the judgment.").  As the circuit court correctly noted, his February 9 motion to vacate did not toll the time to file an appeal, because it was not filed within ten days of the entry of the county-court judgment.  M.R.A.P. 4(e); URCCC 10.05.  Nor did *mailing* his notice and money order on February 12 perfect his appeal.  While nothing prohibited Christmas from mailing his notice, Rule 12.03 is clear an appeal is perfected "by *filing* written notice."[4]  URCCC 12.03 (emphasis added).  Here, the record is clear Christmas's notice was not filed until February 17, 2016—five days too late.  So the circuit court did not err in dismissing the appeal as untimely.

¶10.    Nor, as Christmas suggests on appeal to this court, did the circuit judge abuse his discretion by not granting him an extension under Mississippi Rule of Appellate Procedure 4(g).  *See* URCCC 12.03 ("Extensions may be granted as proscribed [sic] in Miss. Sup. Ct. R. 4(g).").  By not giving him a Rule 4(g) extension, Christmas insists the circuit court wrongfully held him liable for the clerk's office's "premature closing" on February 12, 2016.

---

[3] Effective July 1, 2017, Mississippi Rule of Criminal Procedure 30 now governs misdemeanor appeals from county court.

[4] To argue mailing his notice perfected his appeal, Christmas cited Mississippi Rule of Appellate Procedure 25.  But that rule is even more clear that, even though "[f]iling may be accomplished by mail addressed to the clerk or by electronic means in conformity with procedures established by the Court," such "filing shall not be timely unless the papers are *received* by the clerk within the time fixed for filing[.]"  M.R.A.P. 25(a) (emphasis added).

¶11. Christmas, however, never moved for an extension. And while Rule 4(g) makes clear a trial court *may* grant an extension, it may do so only "upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule." M.R.A.P. 4(g). While this rule gave Christmas until March 12, 2016, to move for an extension based on the clerk's office's alleged premature closing, the record shows he never sought an extension. Instead, he relied on his mistaken belief that either his February 9 motion tolled the thirty-day time limit, which it did not, or mailing his notice on February 12 was sufficient, which it was not.

¶12. Only after he had received the show-cause notice did he assert for the first time on July 11, 2016, that, but for the clerk's office closing at 4:55 p.m., his notice would have been on time. And at that point, three months had passed, and the circuit court was without authority to grant an extension. *See* M.R.A.P. 4(g). So, despite Christmas's assertions, the circuit judge did not abuse his discretion by not granting a Rule 4(g) extension.

¶13. The dissent insists the circuit judge abused his discretion because he did not suspend the criminal appeals deadline and give Christmas an untimely appeal. In other words, the dissent believes the circuit judge was wrong for following and enforcing Mississippi's established thirty-day criminal appeals deadline. We disagree.

¶14. We do however acknowledge there is authority conferred by Rule 2(c) that permits the "Supreme Court or the Court of Appeals" to suspend the appeals deadline in criminal cases. M.R.A.P. 2(c). But Rule 2(c) does not mention circuit courts. Still, even if Rule 2(c)

5

applies to a circuit court sitting as an appellate court[5]—as the circuit court was here—its application is purely discretionary. What Rule 2(c) says is that the appellate court "may" suspend the rules. *See* M.R.A.P. 2(c).[6] It does not say that the court "shall" or "must" suspend the rules. So discretion is obviously involved.

¶15. We recognize that, at first blush, the circuit court might be perceived as harshly enforcing a deadline. We also understand Christmas's argument and acknowledge the dissent's preference that the circuit judge grant an out-of-time appeal. But this Court is not supposed to substitute what *we* would have done, if we were in the circuit judge's position, faced with Christmas's show-cause response. After review, we simply cannot fault the circuit judge for abiding by the general thirty-day appellate deadline.

¶16. The dissent mentions that Christmas's explanation about why he mailed his notice was uncontradicted. But a similar pertinent truth is that his allegations were unsworn. Based on the paucity of record evidence, this Court lacks the "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached"[7] necessary to find the circuit court abused its discretion under Rule 2(c).

¶17. Therefore, we affirm.

¶18. **AFFIRMED.**

---

[5] We have held the Mississippi Rules of Appellate Procedure apply in appeals from county to circuit court. ***Am. Inv'rs, Inc. v. King***, 733 So. 2d 830, 832 (Miss. 1999).

[6] *See also* ***McGruder v. State***, 886 So. 2d 1, 2 (Miss. 2003) (holding appellate courts *may* suspend rules "'when justice demands' to allow an out-of-time appeal in criminal cases" (quoting ***Fair v. State***, 571 So. 2d 965, 966 (Miss. 1990))).

[7] ***Ill. Cent. R.R. Co. v. McDaniel***, 951 So. 2d 523, 526 (Miss. 2006).

**WALLER, C.J., RANDOLPH, P.J., COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶19.    Because I would permit this appeal to proceed in the circuit court, I respectfully dissent. The County Court of Harrison County, First Judicial District, entered a final judgment on January 13, 2016, that found Larry D. Christmas, Jr., guilty of having had no proof of liability insurance, ordered him to pay a $200 fine and court costs, and remanded the case to justice court for enforcement of the penalty. Uniform Rule of Circuit and County Court Practice 12.03 afforded Christmas an avenue for "appeal to the circuit court having jurisdiction by filing written notice with the clerk of the county court within 30 days of the entry of the final judgment," with extensions granted "as proscribed [sic] in [Mississippi Rule of Appellate Procedure] 4(g)."[8] URCCC 12.03(A). Unless excused, the appellant also must provide a bond in an amount set by the judge or clerk of the county court. URCCC 12.03(B).

¶20.    The thirty-day period for perfecting the appeal expired on February 12, 2016. On that day, Christmas mailed a notice of appeal and a money order in the amount of $166 to the Harrison County Circuit Clerk.[9] The post office delivered the mailing on February 16, 2016,

_____

[8] Rule 12.03 was eliminated effective July 1, 2017, the effective date of the Mississippi Rules of Criminal Procedure, which now govern criminal appeals to circuit court from county court. *See* M.R.Cr.P. 30. Although Rule 12.03(A) used the word *proscribed*, meaning *prohibited*, when the rule is read in context, undoubtedly the rule should have used the word *prescribed*, meaning *to lay down a rule*. *Proscribe*, Webster's Ninth New Collegiate Dictionary (9th ed. 1983); *Prescribe*, Webster's Ninth New Collegiate Dictionary (9th ed. 1983).

[9] By statute, Harrison County has two judicial districts, and the clerk of each judicial district's circuit court is also the clerk of the respective county court. Miss. Code Ann. § 9-1-

7

and the clerk's office filed the notice of appeal on February 17, 2016, five days late. Christmas never moved for an extension of time pursuant to Mississippi Rule of Appellate Procedure 4(g), which provides that, for good cause shown, "[t]he trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule." M.R.A.P. 4(g). A motion for an extension of time filed outside the thirty-day period may be granted for excusable neglect. M.R.A.P. 4(g).

¶21. On June 27, 2016, the circuit clerk issued a show-cause notice to Christmas, directing him to show cause why the appeal should not be dismissed as untimely. On July 11, 2016, Christmas, *pro se*, responded in writing to the show-cause notice, asserting, *inter alia*, that his appeal should be deemed timely because, but for the early closure of the clerk's office, he would have perfected his appeal in a timely manner on February 12, 2016. Christmas averred that he arrived at the courthouse at 4:37 p.m. on February 12, 2016, but was forced to wait for assistance while the clerk finished a phone call. After the conclusion of the phone call, the clerk reviewed Christmas's proposed filing, determined the amount that would be required to file the appeal, and directed him to obtain a money order in that amount. Christmas said that he obtained the money order from the nearby post office and returned to the courthouse at 4:55 p.m. After passing through security, he headed toward the clerk's office, but discovered that its employees were leaving for the evening; one of them informed him that the clerk's office was now closed. Christmas averred that, at 4:57 p.m., the doors to the clerk's office were locked. Christmas then elected to mail the notice of appeal and

39 (Rev. 2014).

8

money order. He claimed that, because all that was required was his payment and a file stamp, three minutes would have been enough time to have enabled him to file the appeal on time.

¶22. Although Christmas served the show-cause response on the Harrison County prosecuting attorney, that attorney never responded to Christmas's averments concerning the early closure of the circuit clerk's office. Therefore, Christmas's factual account of the filing went uncontradicted and undisputed. In its opinion dismissing the appeal as untimely, the circuit court set forth Christmas's averments about the early closure of the clerk's office. Nonetheless, the circuit court applied the strict requirements of the applicable appellate rules and found that, because the appeal had not been delivered to the clerk's office within thirty days of the final judgment, it was untimely.

¶23. Although the majority casts the circuit court's decision to apply the rules strictly as an exercise of discretion, nothing indicates that the circuit court considered its authority to suspend the appellate rules to extend the time for Christmas's criminal appeal under Mississippi Rule of Appellate Procedure 2(c). Rule 2(c) provides:

> **(c) Suspension of Rules.** In the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. The time for taking an appeal under Rules 4 or 5 may be extended in criminal and post-conviction cases, but not in civil cases.

M.R.A.P. 2(c). Rule 2(c) was applicable to Christmas's appeal because "[a]n appeal from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure ("Miss. R. Civ. P."), the URCCC, and the M.R.A.P." ***Am. Investors, Inc. v. King***, 733 So. 2d 830,

9

832 (Miss. 1999); *Van Meter v. Alford*, 774 So. 2d 430, 431 (Miss. 2000) (recognizing that the Mississippi Rules of Appellate Procedure govern appeals from county courts to circuit courts). We have held that this Court may suspend the appellate rules, when justice demands, to allow an out-of-time appeal in criminal cases. *McGruder v. State*, 886 So. 2d 1, 2 (Miss. 2003). Rule 2(c) does specify that it is the Supreme Court or the Court of Appeals that may suspend the time for taking an appeal in a criminal case. But because the same due process considerations apply when the circuit court sits as an appellate court, logic demands that the circuit court likewise is empowered to suspend the appellate rules to extend the time for taking an appeal in a criminal case as provided in Rule 2(c).

¶24. I would find that, because Christmas made an unrebutted showing of good cause for the late filing of his notice of appeal, the circuit court should have suspended the rules and extended the time for taking an appeal. Christmas averred that, but for the early closure of the clerk's office, he would have perfected his appeal just before 5:00 p.m. on February 12, 2016. Although Christmas waited until the end of the thirty-day period to perfect his appeal, he was entitled to rely on the clerk's office remaining open during its statutorily prescribed hours from 8:00 a.m. to 5:00 p.m. Miss. Code Ann. § 25-1-99 (Rev. 2010); *see also* Miss. Const. Art. 3, § 24 (providing a state constitutional guarantee of open courts). His version of events is plausible. Most importantly, Christmas's averments went wholly unaddressed by the State. Thus, his claim that he would have perfected his appeal in a timely manner but for the early closure of the clerk's office stands unrebutted. An appellate court is empowered to grant a criminal appeal out of time if the failure to perfect the appeal was though no fault

of the appellant and justice so demands. ***Stokes v. State***, 66 So. 3d 746, 749 (Miss. Ct. App. 2011). Because this standard was met in this case, I would reverse and remand for Christmas's appeal to proceed in the circuit court.

**KING, J., JOINS THIS OPINION.**