KITCHENS, PRESIDING JUSTICE, DISSENTING:
 

 ¶ 19. Because I would permit this appeal to proceed in the circuit court, I respectfully dissent. The County Court of Harrison County, First Judicial District, entered a final judgment on January 13, 2016, that found Larry D. Christmas, Jr., guilty of having had no proof of liability insurance, ordered him to pay a $200 fine and court costs, and remanded the case to justice court for enforcement of the penalty. Uniform Rule of Circuit and County Court Practice 12.03 afforded Christmas an avenue for "appeal to the circuit court having jurisdiction by filing written notice with the clerk of the county court within 30 days of the entry of the final judgment," with extensions granted "as proscribed [sic] in [Mississippi Rule of Appellate Procedure] 4(g)."
 
 [8]
 
 URCCC 12.03(A). Unless excused, the appellant also must provide a bond in an amount set by the judge or
 clerk of the county court. URCCC 12.03(B).
 

 ¶ 20. The thirty-day period for perfecting the appeal expired on February 12, 2016. On that day, Christmas mailed a notice of appeal and a money order in the amount of $166 to the Harrison County Circuit Clerk.
 
 [9]
 
 The post office delivered the mailing on February 16, 2016, and the clerk's office filed the notice of appeal on February 17, 2016, five days late. Christmas never moved for an extension of time pursuant to Mississippi Rule of Appellate Procedure 4(g), which provides that, for good cause shown, "[t]he trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule." M.R.A.P. 4(g). A motion for an extension of time filed outside the thirty-day period may be granted for excusable neglect. M.R.A.P. 4(g).
 

 ¶ 21. On June 27, 2016, the circuit clerk issued a show-cause notice to Christmas, directing him to show cause why the appeal should not be dismissed as untimely. On July 11, 2016, Christmas,
 
 pro se
 
 , responded in writing to the show-cause notice, asserting,
 
 inter alia
 
 , that his appeal should be deemed timely because, but for the early closure of the clerk's office, he would have perfected his appeal in a timely manner on February 12, 2016. Christmas averred that he arrived at the courthouse at 4:37 p.m. on February 12, 2016, but was forced to wait for assistance while the clerk finished a phone call. After the conclusion of the phone call, the clerk reviewed Christmas's proposed filing, determined the amount that would be required to file the appeal, and directed him to obtain a money order in that amount. Christmas said that he obtained the money order from the nearby post office and returned to the courthouse at 4:55 p.m. After passing through security, he headed toward the clerk's office, but discovered that its employees were leaving for the evening; one of them informed him that the clerk's office was now closed. Christmas averred that, at 4:57 p.m., the doors to the clerk's office were locked. Christmas then elected to mail the notice of appeal and money order. He claimed that, because all that was required was his payment and a file stamp, three minutes would have been enough time to have enabled him to file the appeal on time.
 

 ¶ 22. Although Christmas served the show-cause response on the Harrison County prosecuting attorney, that attorney never responded to Christmas's averments concerning the early closure of the circuit clerk's office. Therefore, Christmas's factual account of the filing went uncontradicted and undisputed. In its opinion dismissing the appeal as untimely, the circuit court set forth Christmas's averments about the early closure of the clerk's office. Nonetheless, the circuit court applied the strict requirements of the applicable appellate rules and found that, because the appeal had not been delivered to the clerk's office within thirty days of the final judgment, it was untimely.
 

 ¶ 23. Although the majority casts the circuit court's decision to apply the rules strictly as an exercise of discretion, nothing indicates that the circuit court considered its authority to suspend the appellate rules to extend the time for Christmas's criminal appeal under Mississippi Rule of Appellate Procedure 2(c). Rule 2(c) provides:
 

 (c) Suspension of Rules.
 
 In the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. The time for taking an appeal under Rules 4 or 5 may be extended in criminal and post-conviction cases, but not in civil cases.
 

 M.R.A.P. 2(c). Rule 2(c) was applicable to Christmas's appeal because "[a]n appeal from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure ("Miss. R. Civ. P."), the URCCC, and the M.R.A.P."
 
 Am. Investors, Inc. v. King
 
 ,
 
 733 So.2d 830
 
 , 832 (Miss. 1999) ;
 
 Van Meter v. Alford
 
 ,
 
 774 So.2d 430
 
 , 431 (Miss. 2000) (recognizing that the Mississippi Rules of Appellate Procedure govern appeals from county courts to circuit courts). We have held that this Court may suspend the appellate rules, when justice demands, to allow an out-of-time appeal in criminal cases.
 
 McGruder v. State
 
 ,
 
 886 So.2d 1
 
 , 2 (Miss. 2003). Rule 2(c) does specify that it is the Supreme Court or the Court of Appeals that may suspend the time for taking an appeal in a criminal case. But because the same due process considerations apply when the circuit court sits as an appellate court, logic demands that the circuit court likewise is empowered to suspend the appellate rules to extend the time for taking an appeal in a criminal case as provided in Rule 2(c).
 

 ¶ 24. I would find that, because Christmas made an unrebutted showing of good cause for the late filing of his notice of appeal, the circuit court should have suspended the rules and extended the time for taking an appeal. Christmas averred that, but for the early closure of the clerk's office, he would have perfected his appeal just before 5:00 p.m. on February 12, 2016. Although Christmas waited until the end of the thirty-day period to perfect his appeal, he was entitled to rely on the clerk's office remaining open during its statutorily prescribed hours from 8:00 a.m. to 5:00 p.m.
 
 Miss. Code Ann. § 25-1-99
 
 (Rev. 2010);
 
 see also
 
 Miss. Const. Art. 3, § 24 (providing a state constitutional guarantee of open courts). His version of events is plausible. Most importantly, Christmas's averments went wholly unaddressed by the State. Thus, his claim that he would have perfected his appeal in a timely manner but for the early closure of the clerk's office stands unrebutted. An appellate court is empowered to grant a criminal appeal out of time if the failure to perfect the appeal was though no fault of the appellant and justice so demands.
 
 Stokes v. State
 
 ,
 
 66 So.3d 746
 
 , 749 (Miss. Ct. App. 2011). Because this standard was met in this case, I would reverse and remand for Christmas's appeal to proceed in the circuit court.
 

 KING, J., JOINS THIS OPINION.
 

 Rule 12.03 was eliminated effective July 1, 2017, the effective date of the Mississippi Rules of Criminal Procedure, which now govern criminal appeals to circuit court from county court.
 
 See
 
 M.R.Cr.P. 30. Although Rule 12.03(A) used the word
 
 proscribed
 
 , meaning
 
 prohibited
 
 , when the rule is read in context, undoubtedly the rule should have used the word
 
 prescribed
 
 , meaning
 
 to lay down a rule
 
 .
 
 Proscribe
 
 , Webster's Ninth New Collegiate Dictionary (9th ed. 1983);
 
 Prescribe
 
 , Webster's Ninth New Collegiate Dictionary (9th ed. 1983).
 

 By statute, Harrison County has two judicial districts, and the clerk of each judicial district's circuit court is also the clerk of the respective county court.
 
 Miss. Code Ann. § 9-1-39
 
 (Rev. 2014).