HAWKINS, Chief Justice,
for the Court:
The Town of Winstonville has appealed a judgment of the Chancery Court of the second judicial district of Bolivar County placing it under a permanent injunction and finding it in violation of a preliminary injunction previously issued by the court on behalf of Demco Distributing Company and others. Because the chancery court, having prior thereto dismissed the cause as a stale case, had no jurisdiction to hear this action, we accordingly reverse and render judgment for the municipality.

FACTS

On November 1, 1983, the mayor and board of aldermen of Winstonville passed an ordinance pertaining to natural gas service within the town. The ordinance directed all residences and businesses in Winstonville located on the service lines of the town’s gas system to connect their individual service lines to the municipally-owned utility. The directive applied to all existing residences and businesses, as well as all those constructed at later dates. The ordinance also provided for a fine of not more than two hundred fifty dollars ($250.00) per day for non-compliance.
On March 4, 1985, Demco Distributing Company and Bertha Sanders, Mary B. Williams, and Isaac Holmes, Sr., filed a complaint and motion for a temporary restraining order against Winstonville in the Chancery Court of the second judicial district of Bolivar County alleging that they were unable to pay the necessary connection fee and monthly gas charges or fines.
*41 Demco also alleged that the ordinance was not legally enacted, and that it was unconstitutional. According to Demco, the ordinance was arbitrary and restrictive, and it “constitute[d] an unlawful restraint of trade.” Demco prayed for a temporary restraining order or, in the alternative, a hearing on a motion for a temporary injunction to prevent the town from enforcing the ordinance. The complainants posted a one thousand dollar ($1,000.00) bond.
The chancellor issued a temporary restraining order on March 5,1985, prohibiting Winstonville from enforcing the ordinance in dispute, which was followed March 12, 1985, by an order granting the plaintiffs a preliminary injunction pending a hearing.
Winstonville filed its answer April 15,1985. The record shows no further activity regarding this matter until September 4, 1986. On that date the chancery court entered an order pursuant to Rule 41(d) of the Mississippi Rules of Civil Procedure remanding this case along with several others to the court’s inactive files because of the plaintiffs’ failure to take any action.
In March, 1988, two Winstonville town employees, Henry Perkins, Jr., and Ivory Lloyd, went to Hattie Moore’s house in Winstonville, where they disconnected and removed her propane fuel tank. Moore filed charges against Perkins, and as a result, Perkins was ordered to return Moore’s propane tank.
One year later, on March 5,1989, the Chief of Police, L.G. Moore, went to Hattie Moore’s house and took her propane tank again. Moore then filed a motion on March 9, 1990, for a temporary restraining order and a motion to find town officials in contempt of the earlier temporary injunction.
On March 13, 1990, Winstonville filed a motion to dissolve the temporary injunction against it. On March 29, 1990, the plaintiffs filed a motion for a permanent injunction against enforcement of Winstonville’s town ordinance.
In response to the motions pending, the chancery court issued an order on April 5, 1990, whereby the town was ordered to connect natural gas service to the residence of Hattie Moore and Lee MeLaurin at no charge. The order also required the town to furnish Moore with natural gas, free of charge, until the final decision was rendered on all issues in the case. A hearing was set for April 30, 1990, but was continued until May 16, 1990, at which time a full hearing on all issues was held.
Following the hearing, the chancellor issued an order on January 31, 1991, declaring the ordinance passed by the Town of Win-stonville unconstitutional and unenforceable, and permanently enjoined the town from enforcing the ordinance. He also ordered the town to return the propane bottle and all accessories removed from the home of Hattie Moore and MeLaurin. Finally, the chancellor held Winstonville in civil contempt for violating the temporary injunction entered on March 12, 1985, finding that the temporary injunction was still in full force and effect on March 5, 1989, when agents for the town removed the propane tanks.
Winstonville has appealed.

LAW

The first issue we must address on this appeal, namely: the chancellor’s authority to hear this case after having entered an order of dismissal on September 4, 1986, is disposi-tive. We find he was without jurisdiction to do so, and reverse and render.
Rule 41 of the Mississippi Rules of Civil Procedure governs the dismissal of actions. Rule 41(d) provides in pertinent part:
(d) Dismissal on Clerk’s Motion.
(1) Notice. In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution.... If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.
(2) ... This rule is not a limitation upon any other power that the court may have to dismiss any action upon motion or otherwise. (Emphasis added.)
M.R.C.P. 41(d) (emphasis added).
Section 11-53-25 of the Mississippi Code Annotated (1972), in effect when the Missis *42 sippi Rules of Civil Procedure were promulgated on May 26, 1981, required the clerk to move the court to dismiss any cause pending in court in which no step had been taken for the two terms proceeding. In interpreting this statute, we held that a judgment dismissing a stale case may be set aside during the same term, just as any other judgment. Mississippi Rice Growers Ass’n v. Pigott, 191 So.2d 399, 405-06 (Miss.1966). However, it becomes final and may not be set aside after the term. Deposit Guaranty Nat’l Bank v. Roberts, 483 So.2d 348, 350-51 (Miss.1986).
The same principle applies to a case dismissed under Rule 41(d). It follows that no injunction was in effect following September 4, 1986. The chancery court was without jurisdiction to hear any feature of this case following that date. The judgment of the chancery court is therefore reversed and this cause dismissed.
REVERSED AND RENDERED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., dissents with separate opinion joined by JAMES L. ROBERTS, Jr., J.