## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00366-SCT

*TIM F. WILSON*

*v.*

*T.H. FREELAND, III AND T.H. FREELAND, IV*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/1998 |
| TRIAL JUDGE: | HON. ANTHONY THOMAS FARESE |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | A. BRUCE RICH |
| ATTORNEYS FOR APPELLEES: | T.H. FREELAND, III |
| | T.H. FREELAND, IV |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 10/12/2000 |
| MOTION FOR REHEARING FILED: | 10/26/2000; denied 12/21/2000 |
| MANDATE ISSUED: | 12/28/2000 |

### EN BANC.

### DIAZ, JUSTICE, FOR THE COURT:

¶1. On December 8, 1993, Tim F. Wilson brought suit in the Lafayette County Chancery Court against his former law partners, T.H. Freeland, III, and T.H. Freeland, IV, for sums he claimed the partnership owed him upon his departure from the firm. On May 28, 1997, after the case had been inactive for approximately eighteen months, Lafayette County Chancellor Anthony T. Farese entered an order dismissing the case without prejudice as stale. Wilson took that order to Special Chancellor Michael Malski for reconsideration. Special Chancellor Malski found that Chancellor Farese's intention was not to dismiss the case as stale, as Chancellor Farese had granted Wilson's motion to compel approximately thirty days after entry of the order to dismiss. The Freelands sought reconsideration of the issue by Chancellor Farese who held that he had in fact dismissed the case. On appeal, Wilson contends (1) Chancellor Farese committed manifest error when he "reversed" Chancellor Malski's ruling and decreed that the case had been dismissed as stale, and (2) Chancellor Farese committed manifest error in hearing and ruling upon a motion seeking reconsideration of Chancellor Malski's ruling. Finding merit in Wilson's first assignment of error, we reverse and remand.

### FACTS

¶2. In June of 1985, Tim F. Wilson became an associate in the law firm of Freeland and Freeland. He remained an associate until 1989, when he became a partner in the newly formed law firm Freeland, Freeland, and Wilson. Wilson claims that on May 1, 1992 he voluntarily withdrew from the partnership due to health concerns and concerns surrounding the firm's financial well-being.

¶3. On December 8, 1993, Wilson brought suit against the Freelands in the Lafayette County Chancery

Court seeking "vacation pay" totaling approximately $6,000 which he claimed the Freelands promised him upon his entry into the firm. Wilson further demanded the "winding-up" of the partnership of Freeland, Freeland and Wilson.

¶4. From November 30, 1995 until May 28, 1997, the parties took no action in the case. Consequently, on May 28, 1997, Chancellor Anthony Farese entered an order dismissing the case as stale. The order provided it would become final in thirty days unless "prior to the expiration thereof this action is reinstated on the docket upon proper Motion filed in this action and an Order is entered granting same." Approximately one month after entry of the order dismissing the case as stale, Chancellor Farese entered an order granting Wilson's motion to compel discovery. Nine months later, after learning that the Freelands considered the case dismissed, Wilson filed a "Motion for Entry of Order Reflecting Case Not Dismissed As Stale." Due to an apparent medical leave taken by Chancellor Farese, the motion was heard by Special Chancellor Michael Malski who issued an opinion granting Wilson's motion, finding that "Chancellor Farese would not have entered the Order Granting Motion to Compel unless he intended to stay the Order of Dismissal -- Stale Case." Dissatisfied with Chancellor Malski's ruling, the Freelands filed a "Motion to Reconsider Order on Stale Case Issue" on October 23, 1998. By the time the matter was set for a hearing on December 15, 1998, Chancellor Farese had returned from his medical leave. Chancellor Farese entered a decree granting the Freelands' motion and reaffirming his intention to dismiss the case as stale in May of 1997. It is this decision from which Wilson appeals.

## DISCUSSION

### I. WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR WHEN HE "REVERSED" ANOTHER CHANCELLOR'S RULING AND DECREED THAT THE CASE HAD BEEN DISMISSED AS STALE

¶5. Wilson contends that Chancellor Farese erred in affirming his earlier decision to dismiss the case as stale. Wilson argues that under Rule 41(d) of the Mississippi Rules of Civil Procedure, a party may avoid dismissal if, within thirty days from the mailing of the notice of dismissal, some "action of record" is taken in the case. He argues that Chancellor Farese's entry of an "Order Granting Motion to Compel" within thirty days from mailing of the notice of dismissal constitutes an "action of record."

¶6. "The power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket. That this Court will not disturb a trial judge's finding on appeal unless it is manifestly wrong is a doctrine too well known to require citation." *Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990).

¶7. The order of dismissal entered by Chancellor Farese provided that:

PURSUANT to Rule 41(d), Mississippi Rules of Civil Procedure, and for the reason that there has been no action of record during the preceding twelve (12) months, IT IS:

ORDERED, ADJUDGED and DECREED that this action, be and the same, is hereby

1) Dismissed, without prejudice; and

2) All costs accrued to the date hereof, exclusive of costs for filing this Order, are hereby taxed against the Plaintiff; and

3) The Chancery Clerk shall mail a copy of this Order to the attorney(s) of record, together with a certificate of service, and notation of mailing shall be entered on the docket; and

4) This ORDER OF DISMISSAL - STALE CASE shall become effective thirty (30) days from the date of the Clerk's Certificate of Service UNLESS prior to the expiration thereof this action is reinstated on the docket upon proper Motion filed in this action and an Order is entered granting same.

The Freelands maintain that the order provided the exclusive means by which Wilson could avoid dismissal. That is, Wilson was required to file a motion for reinstatement of the case on the docket and have an order entered to that effect. We disagree.

¶8. Rule 41(d) requires the clerk of the court to move the court to dismiss a case as stale which has been dormant for more than twelve months. It provides:

In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution *unless within thirty days following said mailing, action of record is taken* or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice. . . .

(emphasis added). "Rule 41(d) authorizes the clerk to move for dismissal of cases in which there has been no action of record during the preceding 12 months. The clerk is required to give notice of such action to the opposing parties who may counter the clerk's motion to retain the case on the court's docket. This provision supersedes Miss. Code Ann. Section 11-53-25 (1972) (clerk shall move for dismissal of any cause pending in which no action has been taken for the two preceding terms). . . ." *Walker v. Parnell*, 566 So. 2d at 1215 (quoting MRCP 41(d) cmt.).

¶9. Though Chancellor Farese purported to enter an "order" dismissing the case as stale, we find that this "order" was, in substance, the requisite notice of dismissal discussed in 41(d). By its terms, the "Order of Dismissal" states that it is being granted "pursuant to 41(d)." Moreover, no prior notice of dismissal appears in the record. If this were in fact intended as a final order, it follows that the parties would have received a notice of dismissal from the court clerk as mandated by Rule 41(d). The plaintiff is entitled to notice prior to unilateral dismissal. *Walker v. Parnell*, 566 So. 2d at 1216. Additionally, we find it unlikely that Chancellor Farese would have granted Wilson's motion to compel if he considered the case as finally dismissed. "A court must look to the content of the pleading to determine the nature of the action. Substance is considered over form. The label is not controlling." *Arnona v. Smith*, 749 So. 2d 63, 66 (¶ 8) (Miss. 1999). The same rule applies in construing a judgment or order entered by the court. "The character of a judgment is to be determined from its substance and not from its caption." *Thompson v. Harco Nat'l Ins. Co.*, 997 S.W.2d 607, 623 (Tex. Civ. App. 1998). "A judgment decree or opinion of court is a legal text, and, when questions of meaning arise, answers are sought by the same rules of construction which appertain to other legal documents." *In re Estate of Stamper*, 607 So. 2d 1141, 1145 (Miss. 1992).

¶10. In *Town of Winstonville v. Demco Distrib. Co.*, 630 So. 2d 40, 41 (Miss. 1993), this Court found that an order entered by the chancery court pursuant to Rule 41(d) remanding a case to the court's inactive

files because of the plaintiff's failure to take any action constituted a final dismissal. However, that case is distinguishable in that the order was final, as it did not provide a means by which to avoid dismissal. *Id.* Moreover, there was no contention that an "action of record" had been taken within thirty days of the mailing of the clerk's notice of dismissal. *Id.*

¶11. We find that the "Order of Dismissal -- Stale Case" here was in substance a Rule 41(d) notice. As the order provided, Wilson could avoid dismissal by filing a motion for reinstatement of his case on the docket of the court followed by a grant of the same. Additionally, Wilson had available to him the two methods of reinstatement provided in Rule 41(d). He could avert dismissal if an "action of record" was taken in the case within thirty days of the mailing of the notice by the clerk or by applying to the court in writing showing good cause why the case should not be dismissed. Wilson argues that entry of the "Order on the Motion to Compel" constituted an "action of record" thereby enabling him to avoid dismissal.

¶12. The "Order Of Dismissal -- Stale Case" was filed on May 28, 1997. The certificate of service reveals that the chancery clerk mailed a copy of the order to the parties that same day. Chancellor Farese signed the "Order Granting Motion To Compel" approximately one month later, on June 26, 1997. That order was filed in the chancery clerk's office on June 30, 1997. Wilson maintains that the thirty day period for taking an "action of record" expired on Saturday, June 28. He notes that under M.R.C.P. 6(a), in computing a time period, the last day of a period is not included when it falls on a Saturday or Sunday. Therefore, he contends that the entry of the order on Monday, June 30, occurred within thirty days from entry of the "Order of Dismissal." However, Wilson incorrectly calculated the date the thirty days expired. The expiration of the thirty-day period in which to take an "action of record" actually fell on Friday, June 27. Nevertheless, during the hearing before Chancellor Farese on the "Motion to Reconsider Order on Stale Case Issue," the Freelands admitted that "Mr. Rich's description of the calendar is accurate. The 30th day would have fallen on Saturday, I believe . . . ." Because Rule 41(d) makes the required action contingent on the mailing of the notice, the 3 additional days for mailing allowed by Rule 6(e) are applicable. Thus, June 30 was 33 days after the service of the notice by mail on May 28. This Court finds that Wilson took an "action of record" within the applicable 33 day period.

¶13. There are no Mississippi cases construing what constitutes an "action of record." Other jurisdictions considering what constitutes an "action of record" for purposes of preventing an involuntary dismissal of a case for failure to prosecute have held as follows:[1] *Milu, Inc. v. Duke*, 256 So. 2d 83 (Fla. Dist. Ct. App. 1971) (filing of a notice of hearing sufficient to avoid dismissal); *Brumfield v. Varner*, 561 So. 2d 1376 (La. 1990) (filing of order of transfer and motion to consolidate constituted formal action on record and clearly was "step in its prosecution or defense"); *American Eagle, Inc. v. Employers' Liab. Assur. Corp.*, 389 So. 2d 1339 (La. Ct. App. 1980) (post-trial conference called by trial judge to facilitate completion of a transcript so that briefs could be filed and a decision rendered was held to be a "substantial step in the prosecution"); *Landberg v. State*, 676 P.2d 1027, 1029 ( Wash. Ct. App. 1984) (where plaintiff filed motion for change of judge 27 days after notice of dismissal for want of prosecution was issued, motion was in fact an affidavit of prejudice, and constituted action of record within 30 days, precluding dismissal for failure to prosecute). Many of these cases focus on whether the action is "hastening the suit to judgment."

¶14. We find that the signing of the "Order on the Motion to Compel" constituted an "action of record." A motion compelling discovery invariably "hastens a suit to judgment," as discovery is an integral part of the litigation process which must be completed before an action may proceed to trial. Consequently, Chancellor

Farese erred in dismissing the case as stale.

### II. WHETHER A MANIFEST ERROR WAS COMMITTED BY THE CHANCELLOR WHEN HE HEARD AND RULED UPON A MOTION SEEKING RECONSIDERATION OF ANOTHER CHANCELLOR'S RULING

¶15. Wilson argues that the Freelands engaged in impermissible "chancellor shopping" in violation of Uniform Chancery Court Rule 1.07. He claims that Chancellor Farese violated UCCR 1.07 by entering a decree contrary to the order previously entered by Chancellor Malski. Because we find that Chancellor Farese erred in dismissing the case as stale because Wilson took an "action of record" within thirty days of entry of the Rule 41(d) notice of dismissal, we do not address this argument.

### CONCLUSION

¶16. For these reasons, the judgment of the Lafayette County Chancery Court is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**PITTMAN, P.J., AND WALLER, J., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. MILLS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. PRATHER, C.J., BANKS, P.J., SMITH AND COBB, JJ., NOT PARTICIPATING.**

1. See Michael A. DiSabatino & John E. Theuman, Annotation, *What Constitutes Bringing An Action To Trial Or Other Activity In Case Sufficient To Avoid Dismissal Under State Statute Or Court Rule Requiring Such Activity Within Stated Time*, 32 A.L.R. 4th 840 (1984).