COMBINED STATEMENTS OF THE CASE AND OF THE FACTS
Kenneth E. and Genny Walker, plaintiffs below and appellants here, filed suit on *Page 1214 
August 8, 1984 against Judson Parnell, defendant below and appellee here, for the faulty construction of a bulkhead on their property in Jackson County, Mississippi. The case was tried on January 22, 1986 and a Judgment was entered on February 28, 1986 against Parnell for $7,000.00 and attorney fees of $1,887.81. A Motion For A New Trial was filed on February 28, 1986, and on April 8, 1986 the Court granted a new trial.
On September 2, 1986, appellants' counsel, Peter Halat, sought to dismiss himself from the case and explained in a letter to the Circuit Court Judge that
 [m]y law firm spent over seventy-five hours preparing and trying the case. My client now advises that he is unable to pay the expenses of litigation and has requested that I handle the case again on a continguent [sic] basis. It is economically unfeasible — and unfair — for me to handle this claim on the contingency of a court awarded fee or a traditional contingency contract.
 There has been some settlement discussion but I do not seriously believe that the case will be settled. Therefore, I am requesting that I be allowed to withdraw as the Walkers' attorney and further requesting that you allow them additional time to secure substitute counsel. I have enclosed an Order for your consideration.
On September 9, 1986, Mr. Halat was allowed to withdraw and on same date a letter was sent by the Court Administrator to appellants allowing them thirty days to obtain new counsel.
Honorable Tom Stennis entered his appearance as attorney of record on October 17, 1986, but on March 19, 1987, he filed a Motion to Withdraw as Counsel of Record citing the fact that he had "accepted permanent employment as the attorney for the Board of Supervisors of Jackson County and [was] no longer in private practice." On March 20, 1987, an Order was entered allowing Mr. Stennis to withdraw.
One year later, on March 17, 1988 the Circuit Clerk's office filed a Motion to Dismiss for Want of Prosecution and pursuant to Rule 41(d) of the Mississippi Rules of Civil Procedure. The action was dismissed without prejudice on April 19, 1988. On July 19, 1988, William T. Reed, Esq., entered his appearance as attorney for appellants[1], and on July 22, 1988, he filed a Motion to Reinstate. A hearing on said Motion was held on July 29, 1988 and the Motion was denied and an Order was entered accordingly on August 11, 1988. This Order was silent as to whether the case was being dismissed with or without prejudice therefore we treat it as being without prejudice. SeeMISS.R.CIV.P. Rule 41(d)(1). The Walkers then perfected this appeal. We think the sole issue on appeal can be simplified to read as follows:
 I. Whether the trial judge erred by refusing to allow the reinstatement of this action?[2] APPELLANTS' ARGUMENT
In short, appellants argue the trial court erred by refusing to reinstate the case in *Page 1215 
light of the fact that the Circuit Clerk of Court failed to notice them prior to the dismissal of their case, thereby denying them the opportunity to oppose the motion.
The Walker's address was in the Court file. Their last attorney of record, Tom Stennis, became County Attorney for Jackson County, Ms., and could be reached by mail at the Jackson County Courthouse. The Clerk, in his Motion to Dismiss, pursuant to Rule 41(d) of the Mississippi Rules of Civil Procedure attempted to notice the Walkers by Notice to "Karen J. Walker, Post Office Drawer 1346, Biloxi, Ms. 39533". It is evident from the letterhead of Mr. Halat, former counsel of Walker, that this Post Office address was that of Halat who had an associate named "Karen Young." Likewise, the name Karen Walker (a non-existent person) evidently was obtained by the Clerk's mixing Ms. Young's first name with the Walker's last name.
Rule 41(d) provides as follows:
 (d) Dismissal on Clerk's Motion
 (1) NOTICE. In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal shall not be assessed against either party.
The Comment to Rule 41(d) provides that
 Rule 41(d) authorizes the clerk to move for dismissal of cases in which there has been no action of record during the preceding 12 months. The clerk is required to give notice of such action to the opposing parties who may counter the clerk's motion to retain the case on the court's docket. This provision supersedes Miss. Code Ann. Section 11-53-25
(1972) (clerk shall move for dismissal of any cause pending in which no action has been taken for the two preceding terms). The statute did not require notice of the dismissal — the parties were deemed to be before the court in cases pending on the active docket. Ross v. [Milner], supra. [194 Miss. 497, 12 So.2d 917] (emphasis added)
Appellants ask this Court to reverse and remand for a new trial. The failure to give Notice to either the Walkers or the Walker's last attorney of record falls under MISS.R.CIV.P. 60(a) as a clerical mistake, 60(b)(2) as a mistake in address, and under 60(b)(4) is void for the lack of Notice. Additionally, under 60(b)(6) appellants aver that this action was dismissed in error. The notice required pursuant to Rule 41(d) was not accomplished therefore, any dismissal was without notice and in violation of the due process provision to the Constitution of Mississippi and of the United States.
 APPELLEE'S RESPONSE
First, appellee admits Notice is mandated by MRCP Rule 41(d) but that the Clerk of Court substantially complied with the rule by mailing the Motion to Dismiss to the address of appellants' original attorney of record although addressed to the wrong name.
Next, appellee turns to the Uniform Circuit Court rules for procedural guidance claiming that the last sentence of Rule 2.02, read in conjunction with Rule 5.01, is dispositive of the issue before this Court.[3] *Page 1216 
In effect, appellee is arguing that appellants failed to include an Affidavit to their Motion to Reinstate, setting forth good reason for reinstatement. In the absence of an affidavit with the Motion to Reinstate setting forth good reason for reinstatement the case could not be reinstated. Deposit Guaranty National Bankv. Roberts, 483 So.2d 348 (Miss. 1986).
 THE LAW
The power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket. Watson v. Lillard, 493 So.2d 1277, 1278 (Miss. 1986). That this Court will not disturb a trial judge's finding on appeal unless it is manifestly wrong is a doctrine too well known to require citation. Id. at 1279.
In the case of Deposit Guar. Nat. Bank v. Roberts,483 So.2d 348 (Miss. 1986), this Court analogized dismissals with default judgments and reiterated that
 [a]s Mississippi Rice Growers Ass'n [v. Pigott, 191 So.2d 399 (Miss. 1966)], supra, and Howie [v. Baker, 232 Miss. 661, 100 So.2d 113 (1958)], supra, indicate, the general rule regarding dismissals is the same as default judgments — the dismissed case cannot be reinstated after the expiration of the term of court within which the dismissal was entered unless the dismissal was defective, or fraud, mistake or accident was involved. See also, Carter v. Kimbrough, 122 Miss. 543, 84 So. 251 (1920); 27 C.J.S. Dismissal and Non-Suit § 79 (1959).
Id. at 351 (emphasis added).
 ANALYSIS
Clearly, prior to unilateral dismissal, Notice is mandated by Rule 41(d) M.R.Civ.P. The Comments enforce this mandate by adding that "[t]he clerk is required to give notice of such action to the opposing parties who may counter the clerk's motion to retain the case on the court's docket." (emphasis mine) The clerk's Motion To Dismiss For Want Of Prosecution advised that
 [t]his case will be dismissed unless within thirty (30) days of the date of this Notice, action of record is taken, or written application is made to the Court and good cause shown why such case should be dismissed.
In short, the clerk's attempt to dismiss the case was defective and mistaken. The Motion is dated March 17, 1988. It reflects that the last entry on the Court's docket prior to this date was an Order For Thomas Stennis To Withdraw As Attorney dated March 20, 1987, slightly more than a year earlier. Peter Halat had withdrawn as appellants' counsel on September 8, 1986 and the clerk was certainly aware that Thomas Stennis had succeeded Mr. Halat as appellants' attorney and of course, that Mr. Stennis subsequently dismissed himself from the case. Therefore, one year after Mr. Stennis had withdrawn from the case and approximately a year and a half after Mr. Halat had exited the case, the clerk of court mistakenly, and in a defective manner, attempted to notice the Walkers of its Motion To Dismiss by mailing the Motion to "Hon. Karen J. Walker — P.O. Drawer 1346, Biloxi, MS 39533" (a non-existent person).
The importance of this mistaken identity and outdated address is that the Walkers did not receive notice their case was about to be dismissed. They were, therefore, not given an opportunity to oppose the motion as is intended by Rule 41(d), MISS.R.CIV.P.
Appellee would have this Court believe after he was granted a new trial on April 8, 1986 that appellants did nothing to bring this case to trial until July 22, 1988, the date appellants filed their Motion to *Page 1217 
Reinstate. We hold the record shows otherwise as detailed hereafter.
Mr. Halat's letter dated September 2, 1986, addressed to Judge Robert A. Mills[4] clearly indicates "that a pre-trial conference ha[d] been set . . . on Thursday, September 11, [1986] at 4:00 P.M." Apparently, because appellants were "unable to pay the expenses of [a second] litigation", Mr. Halat was allowed to dismiss himself from the case. His dismissal was effective as of September 8, 1986. Officially, Thomas L. Stennis became appellants' attorney on October 17, 1986.[5]
The record is silent as to what extent Mr. Stennis worked for appellants, only that on March 20, 1987, approximately five (5) months after becoming appellants' lawyer, he, like Mr. Halat, requested to be dismissed from the case. His reason was that he had "accepted permanent employment as the attorney for the Board of Supervisors of Jackson County and [was] no longer in private practice." The Record reveals that Mr. Stennis was dismissed the same day of his request to the trial court.
Now, appellee tries to convince this Court that the case remained stagnant from March 20, 1987 to March 17, 1988 when the clerk of court filed his Motion To Dismiss. Appellants' third attorney, Honorable William T. Reed, explained otherwise to the trial judge at the hearing on appellants' Motion To Reinstate. (See Footnote 1 on page 1214 of this opinion)
Mr. Reed apparently failed to formally notify the trial court upon his initial entry in the case that he had replaced Mr. Stennis as appellants' new counsel. However, upon learning that the case had been dismissed[6], Mr. Reed realized his oversight and filed a Notice of Appearance on July 19, 1988. His next step was to file, on July 22, 1988, a Motion to Reinstate the case. The Comments to MISS.R.CIV.P. Rule 60 instruct that "motions seeking relief from judgments tainted by . . . mistake,
60(b)(2), . . . must be made within six months after the judgment or order was entered." Therefore, appellants' motion, if considered as a motion for relief under Rule 60 as it appeared to be by the trial court, was filed less than three (3) months after the Order of Dismissal on April 19, 1988.
Further, appellee cites to the case of Watson v. Lillard,493 So.2d 1277 (Miss. 1986) in support of his position, but we find the facts in Watson v. Lillard, supra, distinguishable from the facts in the case at hand.
In Watson v. Lillard, supra, this Court held that
 Mrs. Watson's actions contributed materially to the delay. Her "personal differences" appear to have driven off two different sets of competent counsel and she repeatedly missed deadlines set by the trial judge. It seems to us that under these circumstances, the trial judge did not abuse his discretion in resorting to the extraordinary remedy of dismissal for failure to prosecute.
Id. at 1279.
There is not one scintilla of evidence in the record revealing that the Walkers in any way "contributed materially to the delay." *Page 1218 
On the contrary, both Mr. Halat and Mr. Stennis withdrew as their counsel for reasons not the fault of the Walkers.
In sum, the issue in this case deals with a mistake by the clerk. Proper Notice was not given to the Walkers or even to their last attorney of record, Mr. Stennis. MISS. R.CIV.P. Rule 41(d) is the appropriate procedural guideline which is at issue in this appeal. It is obvious to this Court that, at least in this case, Rule 41(d) was defectively administered and the trial court should have reinstated appellants' case and failure to have done so constitutes reversible error.
A closing comment is in order. The gravamen of appellee's argument is that the Walkers' third attorney, Mr. Reed, failed from a procedural aspect to jump through the proper hoops necessary to re-instate the case; however, we find these procedural failings occurred after the more important procedural error of failing to give notice to the Walkers prior to dismissal of their case. In effect, appellants' due process rights had been stomped on long before the aforementioned shortcomings of appellants' attorney. This is a case where the system failed the client rather than the client failing the system as in Watson v.Lillard, 493 So.2d 1277 (Miss. 1986).
Accordingly, the judgment of the Circuit Court of Jackson County, Mississippi, dated August 11, 1988, is reversed and the case remanded for reinstatement upon the court's docket for its disposition as the parties deem appropriate. Costs of this appeal are assessed to appellees.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
[1] Apparently, the Court Records did not reflect until July 19, 1988 that Mr. Reed was acting as appellants' attorney although Mr. Reed insists he was their attorney starting about the time Tom Stennis was dismissed from the case. Evidence Mr. Reed's explanation to the trial judge as follows:
 Tom Stennis was involved in the case for a period of time. He later withdrew when he became County Attorney, and I started representing Mr. Walker at that time but I did not file, enter an appearance. Mr. Sigalas and I discussed the case on several different occasions; my best recollection is as many as five or six. At the time Mr. Stennis withdrew, the case was set for a pre-trial. I was involved, according to my file, in getting the matter continued on pre-trial, and it was never reset, to my knowledge. The next thing that happened was in April of this year [1988], the Clerk filed a motion to dismiss for want of prosecution and it was dismissed. We are asking that it be reinstated.
(Emphasis added).
[2] Appellants' assignment of error more exhaustively reads as follows:
 I. The Court erred by failing to allow the reinstatement of this action because no notice was sent to the plaintiffs or their last attorney of record as required by Mississippi Rule of Civil Procedure No. 41(d), the dismissal was based on a clerical mistake provided for by Mississippi Rule of Civil Procedure 60(a) or upon Rule 60(b)(2), 60(b)(4), or 60(b)(6) and the court erroneously applied § 11-53-25 of the Mississippi Code of 1972 as amended and annotated which has been superseded by Rule 41(d) of the Mississippi Rules of Civil Procedure.
[3]
 RULE 2.02 STALE CASES
Cases upon the civil issue docket, where process has not been served or where process has been served, and that have been called for trial for two terms of court, without any step taken, or trial demanded, shall be dismissed as stale, at plaintiff's cost without notice, unless good reason be shown for a further continuation; and no cause that has been so dismissed shall bereinstated without affidavit setting forth good reason forreinstatement. (emphasis added)
 RULE 5.01 CONFLICTS — WHAT RULES CONTROL
The Mississippi Rules of Civil Procedure as adopted and amended by the Mississippi Supreme Court shall control to the extent that they may be in conflict with these Uniform Rules of Circuit Court Practice; otherwise these rules apply.
[4] Judge Mills presided over the initial trial.
[5] Interestingly, a close study of Mr. Stennis' Notice Of Appearance (R.13) reveals the possibility that Mr. Stennis sent a copy of same to opposing counsel as early as August, 17, 1986, two (2) months before the Notice was actually filed with the court. If this is not a typographical error, then it shows that appellants had actually obtained new counsel even before Mr. Halat officially exited the case on September 8, 1986. (emphasis added)
[6] Actually, neither Mr. Reed or the Walkers ever received in the mail or otherwise the CLERK'S MOTION TO DISMISS FOR WANT OF PROSECUTION. Instead, Mr. Reed seems to have stumbled upon the fact that the case had been dismissed. At the hearing on July 29, 1988 with regards to appellants' Motion to Reinstate, Mr. Reed, explained to Judge Lockard that
 [t]hey [referring to the Walkers] did not know the case was going to be dismissed. I did not know that the case was going to be dismissed. Mr. Sigalas and I discussed it three or four weeks ago and he said he wasn't going to do anything. At that time, of course, he knew this case had been dismissed, and I did not. I then wrote a letter to Miss Kathy [apparently referring to an employee in the clerk's office] asking her to set it for trial and that's when I found out the case had been dismissed.
(emphasis added)