797 So.2d 294 (2001)
G. Hamp COOLEY, Appellant,
v.
Jimmy BURGE, Appellee.
No. 2000-CA-00763-COA.
Court of Appeals of Mississippi.
March 27, 2001.
*295 William L. Ducker, Purvis, Attorney for Appellant.
E. Fred Dobbins, Leakesville, M. Marcia Smalley, Hattiesburg, Attorney for Appellee.
Before McMILLIN, C.J., PAYNE, and LEE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. After several years of dismissals, reinstatements and various attorneys, the circuit clerk of Green County entered a motion to dismiss the case as stale under MRCP 41(d). Two months later, the court entered its order dismissing the case. Nine months thereafter, Hamp Cooley filed his motion for reinstatement, which the Greene County Circuit Court denied. Cooley now appeals the denial of his motion for reinstatement. Finding no merit in his claim, the decision of the Greene County Circuit Court is affirmed.

FACTS
¶ 2. To better understand the complaints of this case, a time line of events is presented below:
July 8, 1993: Hamp Cooley filed a complaint against Jimmy Burge for trespass, conversion and damages in the Greene County Circuit Court, alleging monetary damages for the expense of a timber cutting operation left uncompleted by Burge.
July 13, 1993: Process was served on Burge.
August 26, 1993: Forty-two days after service of process, Cooley moved for, and was granted an entry of default by the clerk, but did not obtain an order signed by the judge.
August 31, 1993: Burge filed a motion for additional time to answer. He never received an order allowing additional time.
September 13, 1993: Burge filed his response.
Cooley filed no objection and no other action occurred for fourteen months.
November 7, 1994: The Greene County Circuit Clerk filed a motion to dismiss for want of prosecution.
December 6, 1994: Cooley filed a notice of discovery and his first request for production of documents propounded to defendant.
May 19, 1995: Cooley filed a motion to strike answer [Burge's response filed Sept. 13, 1993], for writ of inquiry and entry of default judgment. Burge claims the he nor his attorney were consulted *296 as to the hearing date set, nor did they receive notice prior to the date of the hearing.
June 2, 1995: A hearing was held at which neither Burge nor his attorney, were present. The court attempted to call Burge's counsel but did not receive a return call.
June 8, 1995: A default judgment was entered by the court against Burge.
June 23, 1995: Burge filed a motion to set aside entry of default and default judgment.
November 14, 1995: Cooley filed an answer to Burge's motion.
Nov. 18, 1996: Again, no action was taken so the circuit clerk filed another motion to dismiss for lack of prosecution.
January 2, 1997: Judge Jackson signed an order dismissing Burge's motion to set aside entry of default and default judgment.
January 15, 1997: Burge filed a motion to reinstate claim and to set aside entry of default judgment.
January 24, 1997: Cooley filed his answer to Burge's motion.
May 27, 1997: Judge Jackson signed an order granting Burge's motion to reinstate claim and to set aside default judgment, stating that Burge was not afforded proper notice pursuant to Rule 55(b) [three days prior notice for defendant who has made an initial apearance] and under Rule 60(b) [Burge claimed that Cooley testified in gross error, fraudulently, and in utter disregard for the truth as to amount of timber cut and amount of damages.]
December 14, 1998: Cooley did not prosecute the case, so the circuit clerk again made a motion to dismiss the case as stale.
February 16, 1999: The circuit court judge entered an order dismissing the case as stale, and stated that the cause may be reinstated upon payment of cost and proper notice to all parties and upon good cause shown.
November 9, 1999: Cooley filed a motion for reinstatement, claiming that he did not receive notice of the motion to dismiss as stale, nor did his present counsel, his former counsel having been replaced.
December 8, 1999: Burge filed his objection to motion for reinstatement.
April 20, 2000: Cooley's motion was overruled by Judge Harkey in an order stating that the motion was without merit.
¶ 3. Cooley asked that the case be set for trial by jury. In the hearing held before Judge Harkey, the judge stated that he could see no good cause for the failure to prosecute for a year and a half from the order reinstating the case and setting aside the default judgment entered in May, 1997. Judge Harkey also stated that he did not believe he had jurisdiction a year and a half later to reinstate the case; otherwise, in his opinion, Rule 41 would mean nothing. From this order, Cooley appeals.

ISSUES PRESENTED

STANDARD OF REVIEW
¶ 4. Cooley made the following assignments of error:
I. DID THE TRIAL COURT ERR IN FAILING TO HOLD THE APPELLANT'S INITIAL DEFAULT AS RES JUDICATA, THUS BARRING ANY FURTHER PROCEEDINGS ON THE MERITS IN THIS CAUSE?
II. DID THE TRIAL COURT ERR IN ITS APPLICATION OF MRCP 41(D) BY REINSTATING THE CASE *297 SUBSEQUENT TO THE ENTRY OF DEFAULT JUDGMENT AGAINST BURGE?
¶ 5. As stated by the Mississippi Supreme Court:
The power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket. Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). That this Court will not disturb a trial judge's finding on appeal unless it is manifestly wrong is a doctrine too well known to require citation. Id. at 1279.
Walker v. Parnell, 566 So.2d 1213, 1216 (Miss.1990).

DISCUSSION
¶ 6. Cooley argues that it was error to allow Burge's motion for additional time after the initial entry of default was entered by the clerk on August 26, 1993. He argues that Burge had thirty days to respond to the initial complaint and he did not do so.
¶ 7. Burge responds that because the entry of default was signed by the circuit clerk, and not the court, it was not a default judgment. Further, because Cooley did not file an objection to Burge's motion for additional time, Burge filed his response to the complaint. Burge also notes that not until fourteen months after Burge filed his response did Cooley take any action; at which time Cooley filed a notice of discovery, thus implying, in Burge's mind, that the case should continue.
¶ 8. Cooley contends that, under Chassaniol v. Bank of Kilmichael, 626 So.2d 127 (Miss.1993), the appropriate remedy would have been for Burge to file a motion to set aside the entry of default by the clerk, not a motion for additional time. The clerk's entry of default was never dismissed, but instead, a default judgment was finally entered by the court on June 2, 1995. However, when the trial court reinstated the case in May 1997, it was based on the grounds that Burge nor his counsel received proper notice of the motion for inquiry and entry of default judgment, and because Burge alleged that Cooley testified in gross error and fraudulently concerning the amount of timber cut and damages. Cooley again failed to prosecute the case, allowed it to be dismissed as stale, then waited another nine months before trying to have it reinstated.
¶ 9. Cooley states that, according to the order of the trial court, the case could be reinstated on motion, pre-payment of costs, notice to Burge, and good cause shown. Cooley admits that MRCP 41(d) is the governing rule, but states that he is not aware of any case law in Mississippi addressing its application. He argues that "justice demands" a trial by jury and that Burge's answer after default and Burge's reinstatement after dismissal have denied Cooley due process of law.
¶ 10. Burge responds that Cooley was the party who brought the suit, yet he allowed the time to lapse and the judgment to be set aside. Further, Cooley allowed the circuit court to dismiss the case. Finally, after waiting an additional nine months, Cooley filed his motion for reinstatement. Burge cites to Town of Winstonville v. Demco Distributing Co., which states:
In interpreting this statute, we held that a judgment dismissing a stale case may be set aside during the same term, just as any other judgment. Mississippi Rice Growers Ass'n v. Pigott, 191 So.2d 399, 405-06 (Miss.1966). However, it becomes final and may not be set aside after the term. Deposit Guaranty Nat'l *298 Bank v. Roberts, 483 So.2d 348, 350-51 (Miss.1986). The same principle applies to a case dismissed under Rule 41(d).
Town of Winstonville v. Demco Distributing Co., 630 So.2d 40, 42 (Miss.1993). Burge argues that Cooley has waited too long to file this appeal and basically that the appeal lacks merit.
¶ 11. MRCP 41(d) states in full:
(d) Dismissal on Clerk's Motion
(1) Notice: In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.
(2) Mailing Notice: The notice shall be mailed in every eligible case not later than thirty days before June 15 and December 15 of each year, and all such cases shall be presented to the court by the clerk for action therein on or before June 30 and December 31 of each year. These deadlines shall not be interpreted as a prohibition against mailing of notice and dismissal thereon as cases may become eligible for dismissal under this rule. This rule is not a limitation upon any other power that the court may have to dismiss any action upon motion or otherwise.
Recently, the Mississippi Supreme Court has addressed the issue regarding dismissing a case under Rule 41(d). See Wilson v. Freeland, 773 So.2d 305 (Miss.2000). It reiterates that notice must be given to both parties before a case may be dismissed. Id. at (¶ 8). In this case, the clerk's motion to dismiss for want of prosecution was sent to both parties nineteen months after the last action took place. Then two months later, the court's order was issued dismissing the case, having not received a reply from Cooley. He claimed in his motion to reinstate that he nor his current counsel received notice of the motion to dismiss as stale, but does not show that the court had notice of withdrawal of previous counsel or of substituted counsel, and does not now argue lack of notice.
¶ 12. Cooley argues that, although the Supreme Court generally will not reverse when reviewing a trial court's decision to dismiss under Rule 41(b), except for abuse of discretion, the law favors trials de novo and dismissals for lack of prosecution are not favored. Wallace v. Jones, 572 So.2d 371, 377 (Miss.1990)(even if the lower court had a proper basis to dismiss under Rule 41(b), a dismissal should be granted only when lesser sanctions would not serve the best interest of justice). Cooley claims that the handling of this case in allowing Burge's answer after default and reinstatement after dismissal has denied Cooley due process of law, since the statute of limitations has now run. Cooley claims the rules were applied as to him, but not as to Burge. However, in reviewing the chronology which Cooley argues in his favor, this Court agrees with the lower court that Cooley waited too long, and the court lost jurisdiction over this matter.
¶ 13. As stated by the Mississippi Supreme Court:
In the case of Deposit Guar. Nat. Bank v. Roberts, 483 So.2d 348 (Miss.1986), this Court analogized dismissals with default judgments and reiterated that [a]s Mississippi Rice Growers Ass'n [v. Pigott, 191 So.2d 399 (Miss.1966) ], supra, *299 and Howie [v. Baker, 232 Miss. 661, 100 So.2d 113 (1958) ], supra, indicate, the general rule regarding dismissals is the same as default judgments-the dismissed case cannot be reinstated after the expiration of the term of court within which the dismissal was entered unless the dismissal was defective, or fraud, mistake or accident was involved. See also, Carter v. Kimbrough, 122 Miss. 543, 84 So. 251 (1920); 27 C.J.S. Dismissal and Non Suit § 79 (1959). Id. at 351.
Walker v. Parnell, 566 So.2d 1213, 1216 (Miss.1990). Whether the court has authority to hear this case nine months after an order of dismissal was entered, without a showing of defect, fraud, mistake, or accident, is dispositive. We find the court was without jurisdiction to do so.

CONCLUSION
¶ 14. Burge's application for additional time and his answer after entry of default by the circuit clerk make no difference to the outcome of this case, nor do Cooley's filing of a notice of discovery or request for production, as argued by Burge. Cooley did not make a motion for entry of default judgment until May 1995, and the default was given to Cooley on June 8, 1995. Burge then filed a motion in a timely manner to set aside default judgment. Cooley answered, but did not fight Burge's motion. When the motion was dismissed as stale, Burge had it reinstated within the time allowed. When Burge's motion was finally heard, the judge found cause for the default judgment to be set aside. It was then up to Cooley to prosecute the case, but he did nothing further until nine months after the case had again been dismissed as stale, and eighteen months after the default judgment had been set aside.
¶ 15. There having been presented no good cause for the failure to prosecute for a year and a half from the order reinstating the case and setting aside the default judgment, and the statute of limitations having expired, jurisdiction has been lost. Therefore, the judgment of the Greene County Circuit Court denying Cooley's motion to reinstate this cause is affirmed.
¶ 16. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.