MAXWELL, J.,
for the Court:
¶ 1. This is an appeal of the Mississippi State Oil & Gas Board’s 2000 adoption of Statewide Rule 68, which governs the storage of radioactive waste generated during oil and gas production. The appellants are landowners, including Sherley Adams (collectively Landowners), who object to the rule. We do not address the merits of the Oil and Gas Board’s decision. Instead, the question before this court is purely procedural.
¶ 2. At issue is the authority of the chancery court, while sitting as the appellate court, to dismiss the Landowners’ appeal. The record does not show any notice was given to the Landowners prior to dismissal, which is required before dismissing an appeal under Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure. Because the chancellor lacked authority to dismiss the appeal without first giving the Landowners prior notice, the April 2009 order of dismissal is void. And because the dismissal is void, the chancellor erred by not granting the Landowners’ motion to reinstate the appeal. We reverse the denial of the Landowners’ motion to reinstate the appeal and remand the appeal to the chancery court with instructions that the court decide the appeal based on the record and briefs already submitted.
PROCEDURAL HISTORY
¶ 3. In February 2000, the Landowners filed an appeal in Lincoln County Chancery Court of the Oil and Gas Board’s decision to approve Statewide Rule 68. The Oil and Gas Board, along with oil and gas companies that had intervened in this case (Intervenors), filed a motion to dismiss for the Landowners’ failure to comply with Mississippi Code Annotated section 53-l-39(a) (Rev.1999), the statute governing appeals from the Oil and Gas Board to the chancery court. The chancery court granted dismissal.
¶ 4. This court reversed the dismissal and remanded the appeal to the chancery court for further proceedings. Adams v. Miss. State Oil and Gas Bd., 854 So.2d 7 (Miss.Ct.App.2003). In light of the “directive to the circuit and chancery courts, when sitting as appellate courts, to look to the Mississippi Rules of Appellate Procedure for direction,” this court held “the filing of the notice of intention to appeal directly with the chancery court was enough to perfect the appeal.” Id. at 10 (¶ 12) (applying M.R.A.P. 4(a)).
*871 ¶ 5. After remand, the special chancellor appointed to hear the appeal recused, and a new special chancellor was appointed. In August 2007, the Landowners finally filed the Oil and Gas Board record with the chancery court. The Landowners filed their brief in September 2007; the Inter-venors filed their brief in October 2007; and the Oil and Gas Board filed its brief in November 2007. The chancery court record neither contains a reply brief by the Landowners nor a request for or notice of oral arguments.
¶ 6. Instead the next recorded action in the chancery court was an order of dismissal signed by the special chancellor and entered April 2, 2009. The order stated the matter was brought by the clerk’s motion to dismiss for failure to prosecute under Rule 41(d)(1) of the Mississippi Rules of Civil Procedure. Although Rule 41(d)(1) requires mailed notice to the attorneys of record in order to allow parties to show cause why the action should not be dismissed, the record contains no evidence notice was given. See M.R.C.P. 41(d)(1).
¶ 7. On January 20, 2010, the Landowners filed a “Motion to Reinstitute Appeal,” citing the chancery clerk’s failure to give them notice prior to dismissal. On March 24, 2001, the special chancellor denied the motion to reinstate for two alternative reasons: (1) because his authority as special chancellor ended with the order of dismissal, he lacked jurisdiction to reinstate the appeal; and (2) the motion was not timely filed under Rule 60(b)(2) because it was filed more than six months from the entry of the order of dismissal. See M.R.C.P. 60(b)(2). On April 6, 2010, the Landowners timely filed a notice of appeal of the order denying reinstatement.
DISCUSSION
I. Application of Rule 2(a)(2)
¶ 8. The procedural nature of this case is atypical. Rarely do chancery courts serve as appellate courts. In Adams, this court acknowledged:
There is not a large body of detailed rules governing procedure when the chancery (or circuit) court sits in an appellate capacity reviewing an action of a state agency. Rather than adopt a lengthy set of rules for that situation, the Mississippi Supreme Court has said that the reviewing court may, when appropriate, refer to the Mississippi Rules of Appellate Procedure for guidance. Van Meter v. Alford, 774 So.2d 480[, 432] (¶ 3) (Miss.2000); American Investors, Inc. v. King, 733 So.2d 830[, 832] (¶ 4) (Miss.1999).
Adams, 854 So.2d at 9-10 (¶ 11) (holding, based on M.R.A.P. 4(a), the Landowners’ notice of appeal was sufficient).
¶ 9. In American Investors, the Mississippi Supreme Court held that Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure governed the circuit court’s dismissal of an appeal from the county court. American Investors, 733 So.2d at 832 (¶ 4) (applying M.R.A.P. 2(a)(2)). Rule 2(a)(2) states:
An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules. When either, court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of *872 the Supreme Court. The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official.
M.R.A.P. 2(a)(2). It is understandable that a diligent chancery clerk, trying to shed stale cases from the docket, would erroneously conclude Rule 41(d)’s failure-to-prosecute procedures, versus Rule 2(a)(2)’s appeal-dismissal procedures, applied to this appeal. See M.R.C.P. 41(d) (A clerk may move for involuntary dismissal of case where no action of record has been taken for over a year.).
¶ 10. But even Rule 41(d), like Rule 2(a)(2), requires the clerk of the court to give notice to the delinquent party and an opportunity to correct the deficiency before the case is dismissed. Compare M.R.C.P. 41(d)(1) with M.R.A.P. 2(a)(2). The record contains no evidence the prior notice was given in compliance with Rule 2(a)(2).
¶ 11. Further, it is not clear from the record what deficiencies existed. By November 2007, the record from the Oil and Gas Board had been submitted to the chancery court, and all parties had filed their briefs. Neither side requested oral argument. M.R.A.P. 34(b). The record indicates the appeal was ripe for a decision. All that was left to conclude this appeal was for the special chancellor to render an opinion based on the merits.
II. Effect of Failure to Comply with Rule 2(a)(2)
¶ 12. The special chancellor held the Landowners’ motion to reinstate, filed nine months after the entry of the order of dismissal, was untimely filed because Rule 60(b)(2) required a post-judgment motion based on a mistake to be brought within six months. M.R.C.P. 60(b)(2). The special chancellor relied on Walker v. Parnell, 566 So.2d 1213, 1217 (Miss.1990) to hold the failure to give notice under Rule 41(d) was a mere mistake.
¶ 13. First, we highlight that Walker dealt solely with Rule 41(d), not Rule 2(a)(2). Walker, 566 So.2d at 1216. And in Van Meter, the Mississippi, Supreme Court held the failure to comply with Rule 2(a)(2) was not merely a mistake but a deprivation of the appellant’s due-process rights. Van Meter, 774 So.2d at 432 (¶ 4).
¶ 14. Second, we find the special chancellor’s interpretation of Walker was too limited. In Walker, the issue was not a lack of compliance with Rule 41(d) but ineffective compliance due to the clerical mistake of sending notice to the wrong address. Walker, 566 So.2d at 1215-16. Because the Walkers filed their motion to reinstate within six months, the supreme court held the trial court should have reinstated their case based on the clerical mistake. Id. at 1217. Thus, the supreme court did not reach the Walker’s alternative argument that the mistake rendered the judgment void for lack of notice. Id. at 1215, 1217; see M.R.C.P. 60(b)(4) (setting no time limit to reconsider void judgments). But the supreme court did acknowledge that the Walkers’ “due process rights had been stomped on” due to the “procedural error of failing to give notice to the Walkers prior to dismissal of them case.” Walker, 566 So.2d at 1218.
¶ 15. We find the failure to give the Landowners notice prior to dismissing the appeal rendered the April 2009 order of dismissal void. “[A] judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.” Overbey v. Murray, 569 So.2d 303, 306 (Miss.1990) (quoting Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss.1986)). And the dismissal *873 of an appeal without “an official notice of deficiencies in his appeal by the circuit clerk” deprives the appellant of due process. Van Meter, 774 So.2d at 432 (¶ 4). Thus, we find the dismissal is void for failure to provide due process. And the Landowners’ January 2010 motion to reinstate the appeal was not untimely filed because “no amount of time or delay may cure a void judgment.” Overbey, 569 So.2d at 306 (citations omitted).
¶ 16. The special chancellor also held he lacked jurisdiction to hear the Landowners’ post-dismissal motion because his order of appointment had ended with the dismissal. He relied on Barton v. Barton, 726 So.2d 163, 166 (¶¶ 14-15) (Miss.1998), which held the authority of a special chancellor appointed to hear a divorce ended with the final judgment of divorce. But in Barton, neither party disputed the divorce judgment’s finality or filed a motion to reconsider. Instead, the Bartons brought before the special chancellor new issues that had arisen post-divorce, which the supreme court held were outside the scope of the chancellor’s special appointment. Id. at 166 (¶ 15).
¶ 17. Here, the order of appointment was to hear the Landowners’ appeal. So the special chancellor did have authority to reconsider the dismissal of the appeal. And because the order of dismissal is void, the special chancellor’s appointment to hear the appeal never properly ended. Thus, on remand, the special chancellor is authorized to consider the record and briefs before him and is instructed to rule on the Landowners’ appeal.
CONCLUSION
¶ 18. The special chancellor erred in holding both his authority to hear the appeal ended with the order of dismissal and, alternatively, the Landowners’s motion to reinstate was untimely filed. The record clearly shows the chancery clerk did not provide the Landowners notice of any deficiency in the appeal and an opportunity to cure before the special chancellor dismissed the appeal. This lack of notice voids the dismissal. Thus, the special chancellor’s appointment to hear the appeal had not ended. Further, the Landowners’ nine-month delay in requesting the appeal be reinstated was not untimely because “no amount of time or delay may cure a void judgment.” Overbey, 569 So.2d at 306. With the record and briefs submitted, all that remains is for the special chancellor to issue a decision. We remand this case to the chancery court for such a ruling.
¶ 19. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.