# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00062-COA

GULFPORT PARTNERS V, L.P., GULFPORT          APPELLANTS
PARTNERS VI, L.P., GULFPORT PARTNERS
VII, L.P., GULFPORT PARTNERS VIII, L.P.,
AND GULFPORT PARTNERS IX, L.P.

v.

HARRISON COUNTY BOARD OF          APPELLEES
SUPERVISORS AND TAL FLURRY, TAX
ASSESSOR FOR HARRISON COUNTY,
MISSISSIPPI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2015 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | JOHN G. CORLEW<br>KATHY K. SMITH<br>LYNN CHAIN WALL |
| ATTORNEYS FOR APPELLEES: | TIM C. HOLLEMAN<br>PATRICK TAYLOR GUILD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED APPELLANTS' MOTION TO TAX COSTS AND FOR PREJUDGMENT INTEREST |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 05/23/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2016-CA-00087-COA

BELLEMONT GARDENS, L.P., AND BILOXI          APPELLANTS
GATES, L.P.

v.

**HARRISON COUNTY BOARD OF**            **APPELLEES**
**SUPERVISORS AND TAL FLURRY, TAX**
**ASSESSOR FOR HARRISON COUNTY,**
**MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2015 |
| TRIAL JUDGE: | CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | JOHN G. CORLEW |
| | KATHY K. SMITH |
| | LYNN CHAIN WALL |
| ATTORNEYS FOR APPELLEES: | TIM C. HOLLEMAN |
| | PATRICK TAYLOR GUILD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED APPELLANTS' MOTION TO TAX COSTS AND FOR PREJUDGMENT INTEREST |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 05/23/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**CONSOLIDATED WITH**

**NO. 2016-CA-00090-COA**

**D'IBERVILLE PARTNERS, L.P.,**            **APPELLANTS**
**WOOLMARKET PARTNERS, L.P., AND**
**WOOLMARKET PARTNERS II, L.P.**

**v.**

**HARRISON COUNTY BOARD OF**            **APPELLEES**
**SUPERVISORS AND TAL FLURRY, TAX**
**ASSESSOR FOR HARRISON COUNTY,**
**MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2015 |
| TRIAL JUDGE: | CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |

ATTORNEYS FOR APPELLANTS:    JOHN G. CORLEW
    KATHY K. SMITH
    LYNN CHAIN WALL
ATTORNEYS FOR APPELLEES:    TIM C. HOLLEMAN
    PATRICK TAYLOR GUILD
NATURE OF THE CASE:    CIVIL - OTHER
TRIAL COURT DISPOSITION:    DENIED APPELLANTS' MOTION TO TAX
    COSTS AND FOR PREJUDGMENT
    INTEREST
DISPOSITION:    AFFIRMED IN PART AND REVERSED
    AND REMANDED IN PART - 05/23/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## CONSOLIDATED WITH

## NO. 2016-CA-00091-COA

**D'IBERVILLE PARTNERS, L.P.,**     **APPELLANTS**
**WOOLMARKET PARTNERS, L.P., AND**
**WOOLMARKET PARTNERS II, L.P.**

**v.**

**HARRISON COUNTY BOARD OF**     **APPELLEES**
**SUPERVISORS AND TAL FLURRY, TAX**
**ASSESSOR FOR HARRISON COUNTY,**
**MISSISSIPPI**

DATE OF JUDGMENT:    12/18/2015
TRIAL JUDGE:    CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:    HARRISON COUNTY CIRCUIT COURT,
    SECOND JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANTS:    JOHN G. CORLEW
    KATHY K. SMITH
    LYNN CHAIN WALL
ATTORNEYS FOR APPELLEES:    TIM C. HOLLEMAN
    PATRICK TAYLOR GUILD
NATURE OF THE CASE:    CIVIL - OTHER
TRIAL COURT DISPOSITION:    DENIED APPELLANTS' MOTION TO TAX
    COSTS AND FOR PREJUDGMENT
    INTEREST

DISPOSITION:                          AFFIRMED IN PART AND REVERSED
                                      AND REMANDED IN PART - 05/23/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     This appeal arises from four consolidated cases: 2016-CA-00062-COA, 2016-CA-00087-COA, 2016-CA-00090-COA, and 2016-CA-00091-COA.[1]  In this appeal we must decide whether the circuit court erred when it denied Gulfport Partners L.P.'s motion for (1) the cost of bond premiums required by statute to perfect the appeal and (2) prejudgment interest on the liquidated amount of tax in dispute required to be paid by the statute.  Gulfport Partners now appeals the circuit court's denial of its motion.

## FACTS AND PROCEDURAL HISTORY

¶2.     Gulfport Partners appealed its 2011 ad valorem county tax assessment, as assessed by the Harrison County Tax Collector and approved by the Harrison County Board of Supervisors (Board), to the Harrison County Circuit Court.  While the case was pending in the circuit court, the Mississippi Supreme Court handed down its decision in *Willow Bend Estates LLC v. Humphreys County Board of Supervisors*, 166 So. 3d 494 (Miss. 2013), which interpreted the statute governing the determination of the true value of affordable rental housing for purposes of ad valorem taxation.  In accordance with the supreme court's

---

[1] The appellants in each of the four cases present identical legal issues, and all involve the Harrison County Board of Supervisors and the Harrison County Tax Collector as the appellees.  Our opinion refers to Gulfport Partners as a representative of all the appellants in these consolidated cases.  Thus, our decision applies to the other three consolidated cases in the same manner as it applies to Gulfport Partners.

decision in *Willow Bend*, all of the parties in the consolidated cases agreed on the amount of the assessment for each property. Accordingly, an agreed final judgment was entered directing the Harrison County Tax Collector to determine the taxes owed based upon the true and assessed values in accordance with the supreme court's ruling in *Willow Bend* and to refund any amounts due to Gulfport Partners based upon the assessment. The agreed order stated "that the court retain[ed] jurisdiction to consider costs and/or interest, if any."

¶3.    Gulfport Partners then filed a "motion to tax costs and prejudgment interest." The costs requested in the motion included the costs of the bond premiums required to appeal the ad valorem tax assessment and prejudgment interest from the date of overpayment of taxes until the date of the refund. Gulfport Partners cited Mississippi Rule of Appellate Procedure 36(c), which provides that costs include "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal." The Board argues, and the trial court found, that the Mississippi Rules of Appellate Procedure did not apply to cases before the circuit court. The circuit court denied Gulfport Partners' motion, holding that there was no statutory authority for the recovery of bond premiums as costs. The court also denied Gulfport Partners' request for prejudgment interest, noting that it failed to make demand for it in its pleadings or cite to any statutory authority allowing for its award. Gulfport Partners appeals the circuit court's denial of its motion.

**STANDARD OF REVIEW**

¶4.    The issue on appeal is whether bond premiums are recoverable as a "cost" within the meaning of Mississippi Code Annotated section 11-51-77 (Rev. 2012). An appellate court's

5

"review of a trial court's interpretation of a statute presents a question of law; we review questions of law de novo." *Miss. Ethics Comm'n v. Grisham*, 957 So. 2d 997, 1000 (¶8) (Miss. 2007) (quoting *32 Pit Bulldogs v. Cty. of Prentiss*, 808 So. 2d 971, 973 (¶8) (Miss. 2002)).

## DISCUSSION

### I. Bond Premiums

¶5. Section 11-51-77 states, in relevant part:

> Any person aggrieved by a decision of the board of supervisors or the municipal authorities of a city, town or village, as to the assessment of taxes, may . . . appeal to the circuit court of the county, upon giving bond, with sufficient sureties, in double the amount of the matter in dispute, but never less than One Hundred Dollars ($100.00), payable to the state, and conditioned to perform the judgment of the circuit court. . . .

> If the matter be decided in favor of the person who appealed, judgment in his favor shall be certified to the board of supervisors, or the municipal authorities, as the case may be, which shall conform thereto, and shall pay the costs.

¶6. Section 11-51-77 specifically governs the appeal of a county ad valorem tax assessment. Though the parties and the circuit court refer to Mississippi Code Annotated section 11-53-53 (Rev. 2012) for its applicability, we limit our discussion to section 11-51-77, as it controls the instant case. "The well-settled principles of statutory construction require recognition of the fact that the specific statute, [section] 11-51-77, controls the general statute," here being section 11-53-53. *Lenoir v. Madison Cty.*, 641 So. 2d 1124, 1132 (Miss. 1994). "[Section 11-51-77] governs the method of appealing to the circuit court from the board of supervisors, where a tax matter is involved, [and] is dispositive of the outcome in the case sub judice." *Id.*

6

¶7. Here, Gulfport Partners, as directed by the statute, properly appealed to the circuit court the decision of the Board approving the county's tax assessment. In order to appeal, it consequently incurred the cost of bond premiums by posting the bond required by the statute. It successfully challenged the tax assessments such that it was owed a refund. Undisputedly, the statute mandates that the Board pay "the costs." The parties disagree, however, as to what constitutes "the costs" within the meaning of the statute.

¶8. "When presented with a question regarding the application of a statute, [an appellate court] strives to give the statute its effect as intended by the Legislature." *AmFed Nat'l Ins. v. NTC Transp. Inc.*, 196 So. 3d 947, 958 (¶39) (Miss. 2016) (citing *City of Natchez v. Sullivan,* 612 So. 2d 1087, 1089 (Miss. 1992)). Therefore, we first look to the language of the statute. *Id.* "[I]f the words of a statute are clear and unambiguous, we apply the plain meaning of the statute . . . ." *Id.* (quoting *Lawson v. Honeywell Int'l. Inc.*, 75 So. 3d 1024, 1027 (¶7) (Miss. 2011)). "Where the [L]egislature has not defined a term within the statutory scheme, we look to the term's common and generally accepted meaning." *Moore ex rel. City of Aberdeen v. Byars*, 757 So. 2d 243, 248 (¶15) (Miss. 2000) (citing *Corry v. State*, 710 So. 2d 853, 861 (¶25) (Miss. 1998)). Finally, "[a]ll words and phrases contained in the statutes are used according to their common and ordinary acceptation and meaning." Miss. Code Ann. § 1-3-65 (Rev. 2014).

¶9. Here, it is clear from a plain reading of the statute that the appellant is required to post a bond in order to appeal. It is also clear from the statute that where the appellant prevails, the Board is required to pay the costs. This Court has previously noted that Mississippi

7

caselaw, with respect to the definition of costs, is "consistent with the general language found in the comment to [Mississippi] Rule [of Civil Procedure] 54(d)." *Hubbard v. Delta Sanitation of Miss.*, 64 So. 3d 547, 564 (¶69) (Miss. Ct. App. 2011). In so doing, we have held that "costs represents those official expenses, such as court fees, that a court will assess against a litigant." *Id*. (citing M.R.C.P. 54(d) cmt.). Certainly, where the statute requires the appellant to post a bond in order to appeal, the bond premiums constitute an "official expense . . . that a court will assess against a litigant." *Id*. Moreover, in the instant case, the controlling statute does not give the circuit court the discretion to assess costs, but rather requires it to assess costs: "*shall* pay the costs." § 11-51-77 (emphasis added).

¶10.    Additionally, though the Mississippi Rules of Appellate Procedure specifically govern the procedures of this Court and the Mississippi Supreme Court, we do find Rule 36 to be instructive in the instant case. Under Rule 36(c), recoverable costs on appeal include "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal." Analogously, the instant case involved an appeal—albeit before the circuit court—where the appellant, Gulfport Partners, incurred the cost of bond premiums as required by the statute in order to appeal. Thus, Rule 36(c) provides further support for the interpretation that "the costs" named in section 11-51-77 include the premiums paid for the cost of the bonds required to appeal, as this interpretation is consistent with other Mississippi appellate procedures. The dissent states that the "Mississippi Rules of Appellate Procedure apply to proceedings in circuit court when the circuit court sits as an appellate court." However, the cases the dissent relies on for support specifically refer to when a circuit court

8

sits as an appellate court in an appeal from a *county* court. *See Van Meter v. Alford*, 774 So. 2d 430, 432 (¶3) (Miss. 2000); *Am. Inv'rs Inc. v. King*, 733 So. 2d 830, 832 (¶4) (Miss. 1999); *Adams v. Miss. State Oil & Gas Bd.*, 80 So. 3d 869, 871 (¶8) (Miss. Ct. App. 2012). The instant case deals with an appeal from a board of supervisors to the circuit court that is governed by a specific statute. Our caselaw does not address the Mississippi Rules of Appellate Procedure in this instance, and we decline to extend the established law.

¶11. A plain reading of section 11-51-77, in conjunction with the meaning of costs in accordance with the Mississippi Rules of Civil Procedure and our caselaw, illustrates that "the costs" mandated by the statute include the bond premiums necessitated by the statute. The circuit court erred when it denied Gulfport Partners' motion to tax these costs. With respect to this issue, the judgment of the circuit court is reversed.

## II. Prejudgment Interest

¶12. In its motion to tax the costs, Gulfport Partners also requested prejudgment interest on the liquidated amount of overpayment, which was denied by the circuit court. We review the circuit court's grant or denial of a request for prejudgment interest under an abuse-of-discretion standard. *Indem. Ins. of N. Am. v. Guidant Mut. Ins.*, 99 So. 3d 142, 156 (¶39) (Miss. 2012). Finding no abuse of discretion, we affirm.

¶13. "The purpose of prejudgment interest is . . . 'to provide compensation for the detention of money [that is] overdue.'" *Arcadia Farms P'ship v. Audubon Ins. Co.*, 77 So. 3d 100, 105 (¶19) (Miss. 2012) (quoting *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 958 (¶11) (Miss. 2002)). "It compensates . . . for the time value of money." *Id.* (citing

*In re Guardianship of Duckett,* 991 So. 2d 1165, 1182 (¶41) (Miss. 2008)).

¶14.    The supreme court has recognized that Mississippi Code Annotated section 75-17-7

(Rev. 2016) provides the circuit court with the discretion to award prejudgment interest:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

*Id.* "This statute does not *require* judges to award prejudgment interest, but *allows* the judge

to determine the date from which interest will be calculated." *Indemnity,* 99 So. 3d at 157

(¶39).  The supreme court has also stated the following regarding the award of prejudgment

interest:

> It is well settled that in Mississippi a trial judge is afforded discretion in deciding whether to award prejudgment interest.  Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith. No award of prejudgment interest may rationally be made where the principal amount has not been fixed prior to judgment.

*Id.* at (¶40).  Finally, "the party requesting prejudgment interest is required to make a demand

for prejudgment interest in its complaint." *Id.* (citing *Upchurch Plumbing Inc. v. Greenwood*

*Util. Comm'n*, 964 So. 2d 1100, 1118 (¶45) (Miss. 2007)).

¶15.    Here, Gulfport Partners was owed a refund for the overpayment of taxes, which were

liquidated when it originally made its claim.  So it is undisputed that Harrison County

detained money that was overdue so as to justify the purpose for which prejudgment interest

is awarded.    However, Gulfport Partners failed to make demand—as required—for

prejudgment interest in its pleadings.  Further, section 11-51-77, the controlling statute, does

not provide an award of prejudgment interest for the successful appellant. And Mississippi Code Annotated section 27-73-1 (Rev. 2010), which governs the refund of erroneously paid taxes, does not mention interest on the overpayment of taxes. Because Gulfport Partners did not request prejudgment interest in its pleadings, and there is no statutory authority mandating prejudgment interest, the circuit court did not abuse its discretion when it denied Gulfport Partners' request. Our decision applies fully and uniformly to the four cases consolidated on appeal and to the respective appellants and appellees herein.

¶16. **THE JUDGMENTS OF THE HARRISON COUNTY CIRCUIT COURT ARE AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED AT ONE-HALF TO THE APPELLANTS AND ONE-HALF TO THE APPELLEES.**

**IRVING, P.J., FAIR, WILSON AND GREENLEE, JJ., CONCUR. BARNES AND WESTBROOKS, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J. ISHEE, J., NOT PARTICIPATING.**

**CARLTON, J., DISSENTING:**

¶17. I respectfully dissent from the majority's opinion. The Mississippi Rules of Appellate Procedure apply to proceedings in circuit court when the circuit court sits as an appellate court. *See Van Meter v. Alford*, 774 So. 2d 430, 432 (¶3) (Miss. 2000); *Am. Inv'rs Inc. v. King*, 733 So. 2d 830, 832 (¶4) (Miss. 1999); *Adams v. Miss. State Oil & Gas Bd.*, 80 So. 3d 869, 871 (¶8) (Miss. Ct. App. 2012).

**GRIFFIS, P.J., JOINS THIS OPINION.**